315 So.2d 221 (1975)
Mildred Lorraine GRYCA, Appellant,
v.
STATE of Florida, Appellee.
No. W-398.
District Court of Appeal of Florida, First District.
June 30, 1975.
*222 Richard W. Ervin, III, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
MELVIN, Associate Judge.
The defendant, Mildred Lorraine Gryca, was on April 1, A.D. 1974, charged in the Circuit Court of Leon County, Florida, by information filed by the State Attorney with the offense of possession of more than five grams of cannabis sativa, contrary to Section 893.13(1)(e), Florida Statutes, and by second count with specified acts of misconduct, contrary to Section 877.03, Florida Statutes. The history of the progress of this case before the County Court may be briefly stated. As to the subject charges, the County Court Judge of said County, on March 28, 1974, received the affidavit of insolvency signed by the defendant and prepared on a printed form made available by the Court to defendants who claim insolvency.
Paragraphs (4) and (5) of the printed form contain the following language:
"(4) The affiant hereby executes a lien in the sum of $750.00, or such lesser amount as the court may hereafter determine is reasonable, upon his real or personal property, presently owned or after acquired, as security for the debt created hereby for the services rendered or to be rendered to him by the office of the Public Defender as authorized by Section 27.56(2)(a) of the Florida Statutes;
"(5) That affiant further waives all right to notice of any proceedings at which the value of the services of the office of Public Defender shall be determined (provided same shall not exceed $750.00), and further waives any notice of the filing of record of the aforesaid lien;"
Based thereon, the Judge of the County Court on March 28, 1974 A.D., adjudged the defendant to be insolvent and appointed the Public Defender of the Second Judicial Circuit to serve as her counsel.
The case was before the trial judge on August 1, A.D. 1974, and the defendant entered her plea of guilty to possession of less than five grams of the unlawful drug charged in count one, and also guilty of the misdemeanor charged in count two. Thereupon, the learned trial judge placed the defendant on probation, and provisions (k) and (l) of the Probation Order are *223 here challenged as being totally defective. Those provisions are:
"(k) Reimburse Leon County through the Sheriff's Office $100.00 as partial costs of prosecution, as directed by the Probation Officer.
"(l) Reimburse the State of Florida $300.00 for attorney's fee, as directed by the Probation Officer."
On August 29, A.D. 1974, the defendant was again adjudged insolvent, the Public Defender appointed as her counsel on her appeal, and Leon County directed to pay the costs incident to such appeal.
Section 27.56(1), Florida Statutes, provides for a lien on the real and personal property of a person who receives the assistance of the Public Defender, and the amount of the lien is determined by the Court. Furthermore, under Section 27.56(2), Florida Statutes, the Court may require such person to execute a lien upon his real or personal property as security for the payment of the debt. However, the matter does not come to rest at this point. Section 27.56(3), Florida Statutes, grants to the defendant notice of hearing on the question of the amount of the lien or debt, and further provides that the defendant
"shall have opportunity to be heard and offer objection and to be represented by counsel"
at such hearing. The Statute clearly provides that enforcement of any such lien will be by foreclosure.
It would appear, and we so find, that the inclusion of sections (4) and (5) in the affidavit of insolvency constitutes a violation of the defendant's notice and hearing rights, and is an unconstitutional restraint upon her right to seek counsel by court appointment in that, to secure such constitutional right to counsel, the insolvent defendant is required to abandon a statutory right to notice and advocacy hearing on the question of lien and debt for Public Defender service. Therefore, said provisions (4) and (5) of the insolvency affidavit and (1) of the probation order are void.
The warming rays of the Constitution embrace the just as well as the unjust. If, by government action, they may be chilled as to the one, then the day will come when that same authority will chill those rays as to the other.
The defendant further argues that provision (k) of such order relating to Court costs must also fall under the constitutional impact of Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), which forbid a state to imprison an indigent defendant for the sole reason of non-payment of fines or costs.
We view the recoupment provision of paragraph (k) as constitutionally permissible under Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), and that the same is enforceable at such future time as the Court may find that the defendant, although now insolvent, has subsequently improved her financial condition to the extent that she can pay the same. When such financial adjustment has been attained, the State of Florida, who has provided so much to this defendant, may through its probation order require her to repay society a small share of the costs that her conduct placed upon the State of Florida.
Reversed with directions to eliminate provision (1) from the probation order, and for such further proceeding after notice and hearing as are consistent herewith.
JOHNSON, Acting C.J., concurs.
MILLS, J., dissents.
MILLS, Judge (dissents).
I dissent.
I am unaware of any prohibition against defendant knowingly and intelligently *224 waiving her right to notice of the hearing at which the reasonable value of the Public Defender's services will be determined, and notice of filing the lien created thereby.
The record before us reflects that the defendant knowingly and intelligently waived the rights given her by Section 27.56(2) and (3), Florida Statutes, and does not support the majority's assumption that Sections (4) and (5) of the insolvency affidavit required defendant to abandon the rights given her by Section 27.56(3) in order to receive the Public Defender's services.
I would affirm.