386 So.2d 29 (1980)
Jody Lou McGEORGE, Appellant,
v.
STATE of Florida, Appellee.
No. 00-454-/T1-145.
District Court of Appeal of Florida, Fifth District.
June 27, 1980.
Rehearing Denied July 27, 1980.
*30 Michael J. Minerva, Public Defender, and Nancy A. Daniels, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gregory C. Smith, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from an order withholding adjudication of guilt and placing appellant on probation for five years, after a jury found him guilty of burglary of a conveyance. Appellant alleges as error the refusal of the trial court to grant a motion for judgment of acquittal made only at the close of the state's case. We have examined the evidence and agree with the trial judge who found the evidence sufficient to establish a prima facie case. Because the motion was not renewed at the close of all the evidence and the appellant did not file a motion for new trial, we have resolved all reasonable inferences in favor of the state and find the evidence legally sufficient to support the verdict. Vazquez v. State, 350 So.2d 1094 (Fla. 3d DCA 1977), cert. denied 360 So.2d 1250 (Fla. 1978); Lynch v. State, 293 So.2d 44 (Fla. 1974); Mancini v. State, 273 So.2d 371 (Fla. 1973). Rule 3.380(b), Fla.R.Crim.P. (1977).
Appellant has alleged as error certain provisions of the order placing him on probation. The first is the requirement that he "shall consent to a search of himself or any vehicle or premises under his control at any time by any law enforcement officer." This is wrong and that requirement is hereby stricken from the order. Grubbs v. State, 373 So.2d 905 (Fla. 1979); Pace v. State, 373 So.2d 911 (Fla. 1979); Isaacs v. State, 373 So.2d 911 (Fla. 1979). The requirement that this indigent appellant pay his court costs as a condition of probation is affirmed. State v. Byrd, 378 So.2d 1231 (Fla. 1979).
The requirement that the accused appellant had to "waive any notice of a hearing" to set a fee and impose a lien against the accused in order for him to obtain the services of a public defender is also wrong. This is an infringement upon the appellant's constitutional right to counsel because it requires the abandonment of a statutory right to have notice and be heard before the fee is set and the lien attaches. Sec. 27.56(7), Fla. Stat. (1979); Gryca v. State, 315 So.2d 221 (Fla. 1st DCA 1975). The provision in the order placing appellant on probation requiring the payment of the public defender fee is stricken without prejudice to set the fee after notice *31 and hearing in compliance with section 27.56(7), Florida Statutes (1979).
AFFIRMED AS MODIFIED.
ORFINGER and SHARP, JJ., concur.