The Honorable James A. Lenfestey Acting Chief Judge 13th Judicial Circuit 314 Hillsborough County Courthouse Tampa, Florida 33602
Dear Judge Lenfestey:
This is in response to your request for an opinion on the following question:
 MAY A DEFENDANT, AS A PLEA-NEGOTIATED CONDITION OF PROBATION, CONTRIBUTE A SUM OF MONEY IN EXCESS OF COURT COSTS TO A LAWFUL SPECIFIED FUND CREATED BY A COUNTY ORDINANCE?
Your question, because a current county ordinance and a judicial circuit administrative order are in effect, will have to be responded to in general. This office cannot pass on the validity of a duly enacted county ordinance. Such ordinance as a legislative enactment is entitled to a presumption of validity which must be recognized until and unless declared otherwise by a court of competent jurisdiction. See, e.g., Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla. 1964); City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957); Evans v. Hillsborough County,186 So. 193 (Fla. 1938); Union Trust Company v. Lucas,125 So.2d 582 (2 D.C.A. Fla., 1960). Nor can this office make a determination as to the validity of a judicial circuit administrative order. While I cannot pass upon the validity of any legislative action taken by the Board of County Commissioners of Hillsborough County or administrative orders of the Thirteenth Judicial Circuit, both of which are judicial questions, I am able to discuss the general principles of law applicable to the grant of probation and the imposition of conditions of probation.
Generally, it is stated at 24 C.J.S. Criminal Law s 1571(8) (1961) that "[u]nder most of the statutes empowering the court to suspend pronouncement of sentence or place accused on probation, the court may impose such terms and conditions as it deems proper, some of the statutes specifying some of the conditions which may be imposed, and it has been held that the statutory conditions must be read into an order of probation." See also, 24 C.J.S. Criminal Law s 1618(8). The Florida courts have stated that probation is dependent on legislative and judicial grace. See, e.g., Watkins v. State, 368 So.2d 363 (2 D.C.A. Fla., 1979); Arnold v. State,356 So.2d 862 (1 D.C.A. Fla., 1978); Martin v. State, 243 So.2d 189 (4 D.C.A. Fla., 1971). Section 948.03, F.S., sets forth the terms and conditions of probation. Subsection (1) provides:
 The court shall determine the terms and conditions of probation and may include among them the following, that the probationer shall:
(a) Avoid injurious or vicious habits.
 (b) Avoid persons or places of disreputable or harmful character.
 (c) Report to the probation and parole supervisors as directed.
 (d) Permit such supervisors to visit him at his home, or elsewhere.
 (e) Work faithfully at suitable employment insofar as may be possible.
(f) Remain within a specified place.
 (g) Make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court.
(h) Support his legal dependents to the best of his ability.
 (i) Make payment of the debt due and owing to the state under s. 960.17, subject to modification based on change of circumstances. (e.s.)
Subsection (3) of s 948.03 further provides that "[t]he enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper. The court may rescind or modify at any time of the terms and conditions theretofore imposed by the court upon the probationer." Florida courts have held that statutory provisions which set out the procedures for extending probation privileges to those found guilty of violations of criminal laws are not mandatory on trial judges. See, e.g., Arnold v. State, supra; Bernhardt v. State, 288 So.2d 490 (Fla. 1974). This statute does not specifically authorize the courts to require a probationer to make a monetary contribution into a court improvement fund as a unilateral condition of probation, or as a plea-negotiated condition of probation. Neither am I aware of any appellate decision which sanctions the imposition of such a condition. However, as set out above, subsection (3) of s 948.03 permits the court to add conditions other than those specifically enumerated as it considers proper. Thus, the grant of probation and the imposition of conditions of probation are pure judicial functions which the court must exercise as a matter of sound judicial discretion. Any imposition of a condition of probation is presumptively valid until an appellate court determines otherwise. See, Bentley v. State, 411 So.2d 1361 (5 D.C.A. Fla., 1982). This office is without power to exercise or validate or invalidate the exercise of such judicial discretion.
The courts have determined that it is the duty of the trial court, on behalf of the public and the defendant to fashion such conditions of probation as, in the trial court's judgment, will serve to rehabilitate the defendant and protect and serve the public. See, Bentley v. State, 411 So.2d 1361 (5 D.C.A. Fla., 1982). See also, Hines v. State, 358 So.2d 183 (Fla. 1978). While the specific factual circumstances presented in this inquiry have not been judicially examined, the courts have discussed the principles applicable to a determination of the validity of a condition of probation.
The validity of a condition of probation must be evaluated in terms of whether it is reasonably related to rehabilitation. A condition of probation is invalid if it has no relationship to the crime for which the offender was convicted, relates to conduct which is in itself not criminal, or requires or forbids conduct which is not reasonably related to future criminality. See, Bodden v. State, 411 So.2d 1391 (1 D.C.A. Fla., 1982); Wiggins v. State,386 So.2d 46 (4 D.C.A. Fla., 1980); Rodriguez v. State,378 So.2d 7 (2 D.C.A. Fla., 1979). In State v. Byrd, 378 So.2d 1231 at 1232 (Fla. 1979), the Florida Supreme Court, in resolving a conflict between the District Courts of Appeal, ruled that a "requirement in an order of probation that a presently indigent defendant repay court costs to the county violates no constitutional guarantee." The Court went on to state that "[a]s long as the probationer has the ability to pay, this condition is allowed by sections948.01(4) and 948.03, Florida Statutes (1977), which authorize the trial judge to determine the terms and conditions of probation." See also, McGeorge v. State, 386 So.2d 29 (5 D.C.A. Fla., 1980); Arnold v. State, 356 So.2d 862 (1 D.C.A. Fla., 1978) (trial court did not err upon ordering the payment of $1000.00 court costs as a condition of probation).
The courts have determined that s 948.03, F.S., is sufficiently broad to permit the imposition of a fine as a proper condition of probation. See, State v. Williams, 237 So.2d 69 (2 D.C.A. Fla., 1970). See also, Brenner v. State, 337 So.2d 1007 (3 D.C.A. Fla., 1976), which found that the assessment against defendants of their prorata share of investigative costs was constitutionally permissible and enforceable against defendants who did not claim to be insolvent; Gryca v. State, 315 So.2d 221 (1 D.C.A. Fla., 1975), holding that a condition of a probation order that an indigent defendant reimburse the county through the Sheriff's office $100.00 as partial cost of prosecution was constitutionally permissible and was enforceable at such future time as the court might find the defendant had subsequently improved her financial condition to the extent that she could pay such cost; Brown v. State, 302 So.2d 430 (4 D.C.A. Fla., 1974). Cf., Bentley v. State,411 So.2d 1361 (5 D.C.A. Fla., 1982) (applying the rule of ejusdem generis to conclude that s 948.03[2], F.S. 1979, [presently subsection (3) of s 948.03] authorizes conditions of probation of the same general, kind, class and nature as does subsection [1], and which to the sentencing judge appear reasonable and proper to accomplish the purposes sought to be achieved). On the other hand, the Florida Supreme Court has stated that "[s]tatutory provisions for extending probation privileges to those who have been found guilty of violations of the criminal laws are not mandatory upon the trial judges." State v. Cochran, 140 So.2d 597 at 599 (Fla. 1962). See also, Bernhardt v. State, 288 So.2d 490, 495
(Fla. 1974); Arnold v. State, 356 So.2d 862, 863 (1 D.C.A. Fla., 1978).
In summary, applying these judicial guidelines to the imposition of conditions of probation, it is my conclusion that the trial court in granting probation may, in its discretion, impose such terms and conditions of probation as the court deems proper and will serve to rehabilitate the defendant and protect and serve the public. Such determination and the imposition of a condition of probation is a pure judicial function which the trial court must exercise as a matter of sound judicial discretion and is presumptively valid until and unless an appellate court determines otherwise. This office has no power to make such determinations or to determine the validity of any special condition of probation imposed by the courts on any probationer. Section 948.03, F.S., does not specifically authorize the courts to require a probationer to make a monetary contribution to a court improvement fund, to be used to finance expansion of court facilities, as a unilateral condition of probation or as an agreed upon plea-negotiated condition of probation, but s 948.03(3), F.S., permits the court to add conditions other than those specifically enumerated in the statute as it considers proper.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General