462 So.2d 34 (1984)
Bob GRAHAM, Governor of the State of Florida, Appellant,
v.
Randolph P. MURRELL, an Assistant Public Defender, Appellee.
No. AW-375.
District Court of Appeal of Florida, First District.
December 18, 1984.
*35 Jim Smith, Atty. Gen., and James A. Peters, Asst. Atty. Gen., Tallahassee, for appellant.
Randolph P. Murrell, Asst. Public Defender, Tallahassee, for appellee.
Bennett H. Brummer, Public Defender, and Thomas G. Murray, Asst. Public Defender, Miami, for amicus curiae Fla. Public Defender Ass'n.
WIGGINTON, Judge.
Appellee, an assistant public defender, filed an amended complaint for declaratory judgment, seeking a declaration from the court that chapter 83-256, section 1, Laws of Florida (1983), amending section 27.56(1)(a), Florida Statutes, is unconstitutional. Chapter 83-256, section 1, amended section 27.56(1)(a) to include the following language:
At the sentencing hearing or at such stage in the proceedings as the court may deem appropriate, the public defender, the special assistant public defender, or the private attorney representing such defendant shall move the court to assess attorney's fees and costs against the defendant.
Upon motion filed by appellee, the trial court entered final summary judgment, declaring chapter 83-256, section 1, to be unconstitutional as violating the separation of powers doctrine embodied in article II, section 3, of the Florida Constitution. We affirm.
The challenged legislation invades the province of the judiciary, and thereby violates the separation of powers doctrine, for two reasons. First, it creates a rule of practice and procedure; the legislature has no constitutional authority to enact any law relating to practice and procedure. In re Clarification of Florida Rules of Practice and Procedure (Florida Constitution, Article V, Section 2(a)), 281 So.2d 204 (Fla. 1973). By enacting such a law, the legislature directly intrudes upon the Florida Supreme Court's constitutional power to adopt rules for the practice and procedure in all courts, as defined by article V, section 2(a). Johnson v. State, 308 So.2d 127 (Fla. 1st DCA 1975).
The question of whether a rule relates to substantive law or to practice and procedure was discussed at great length by Justice Adkins in his concurring opinion in In re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1972), in which he stated:
Practice and procedure encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion.
Id., at 66. Applying the above definition to the instant case, it is clear that chapter 83-256, section 1, sets forth the mechanics to appellee's realizing his substantive right to fees created by section 27.56. Consequently, it is a law clearly relating to practice and procedure and thus void, unless the Florida Supreme Court has formulated a rule conforming with the perceived intent of the legislature framed by the enactment, thereby adopting the statute as its own. See In re Clarification; State v. Smith, 260 So.2d 489 (Fla. 1972); and Johnson v. State; cf., Carter v. Sparkman, 335 So.2d 802, 806 (Fla. 1976); and Wooten v. State, 332 So.2d 15, 18 (Fla. 1976).
By Florida Rule of Criminal Procedure 3.720(d)(1), the supreme court adopted the 1979 version of section 27.56 and in particular subsection (7), which grants discretion to the trial court to deem at what stage of the proceedings it would be appropriate to determine the value of the public defender's services. Subsection (7) has remained unchanged, despite the legislature's 1983 amendment of subsection (1), yet the present rules of criminal procedure make no provision for that amendment. Consequently, as the court has made no effort to adopt the amendment as its own, the enactment is void.
Second, the legislative effort invades the province of the judiciary by impermissibly *36 attempting to regulate the conduct of attorneys. The legislature is without any authority to directly or indirectly interfere with or impair an attorney's exercise of his ethical duties as an attorney and officer of the court. An attorney cannot be put "in the untenable position of choice between a violation of a statute or a violation of a specific Canon [of Ethics] insofar as they clearly conflict." Times Publishing Company v. Williams, 222 So.2d 470, 475 (Fla. 2d DCA 1969) (emphasis in original).
Appellee's professional conduct is governed by the Code of Professional Responsibility which was promulgated by the supreme court. In re The Florida Bar, 316 So.2d 45 (Fla. 1975). Canon 7 of the Code requires appellee to represent his client zealously and within the bounds of the law. Yet, despite his ethical obligations, the legislature would have appellee request the court to assess costs and attorney's fees against his client. By so doing, the legislature has forced appellee onto the horns of an ethical dilemma. This it may not constitutionally do.
For the above-stated reasons, we affirm the trial court's finding that chapter 83-256, section 1, is unconstitutional.
AFFIRMED.
JOANOS and NIMMONS, JJ., concur.