486 So.2d 69 (1986)
Lindsey Lee THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1018.
District Court of Appeal of Florida, Fourth District.
April 9, 1986.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Reversed. At sentencing the trial court imposed a public defender's fee and advised appellant that he could contest the fee at a later date. Appellant contends that the trial court erred in imposing the fee without giving him notice and an opportunity to be heard prior to its imposition. We agree. Section 27.56(7), Florida Statutes (1985) permits the trial court to assess a defendant for the value of the services of his public defender after adequate notice and an opportunity to be heard and offer objections. In Jenkins v. State, 444 So.2d 947 (Fla. 1984), our Supreme Court held *70 that assessment of costs was not appropriate where there was no prior notice given to the defendant that costs would be imposed against him at the sentencing hearing. The First District later held in Walker v. State, 458 So.2d 396 (Fla. 1st DCA 1984) that an assessment made in open court on the day of the sentencing hearing did not comport with the notice requirement of the statute. We strike the fee and remand this matter to the trial court without prejudice to the State to reassess the fee upon proper notice and hearing.
REVERSED and REMANDED.
LETTS, GLICKSTEIN and DELL, JJ., concur.