PER CURIAM.
The appellant; Raymond Bull, appeals from his judgment and sentence. We find that certain costs were improperly imposed, and we reverse the judgment as to those costs.
After a jury found the appellant guilty of the crime of escape, a violation of section 944.40, Florida Statutes (1983), the trial court sentenced appellant to fifteen years in prison and orally pronounced its intention to impose $250 court costs and a $1000 public defender’s lien upon him. The final judgment, however, indicates $1005 as the amount of the public defender’s lien imposed and reflects that the $250 costs were imposed as follows: $20 pursuant to section 960.20, Florida Statutes (1985), $2.50 pursuant to section 943.25(4), Florida Statutes (1985), $2 pursuant to section 943.-25(8), Florida Statutes (1985), and additional court costs in the sum of $225.50 which included costs authorized by section 27.-3455, Florida Statutes (1985). Appellant timely filed notice of appeal.
The appellant contends that since his crime of escape occurred on June 5, 1985, and section 27.3455 did not become effective until July 1, 1985, the trial court erred in imposing costs against him pursu *745 ant to that statutory section. When the court announced that it was imposing $250 court costs, the appellant had no reason to know that some of the costs were being imposed pursuant to section 27.3455. He, therefore, had no reason to object to the ex post facto application of the statute as required by Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986), in order to preserve the issue for appellate review. We, accordingly, strike the costs imposed pursuant to section 27.3455 as violating constitutional ex post facto restrictions. Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986). We also certify the question set out in Bowman to the Florida Supreme Court as a question of great public importance.
The appellant further contends that the trial court erred by imposing the public defender’s lien and the costs upon him without notice and opportunity to be heard. The trial court’s pronouncement at sentencing that it was imposing $250 total costs upon appellant was not adequate notice and opportunity to be heard as to those costs imposed pursuant to sections 943.25(4), 943.25(8), and 960.20. Jenkins v. State, 444 So.2d 947 (Fla.1984). We, therefore, strike those costs without prejudice to the court’s reassessing the costs after it has complied with the notice and hearing requirements of Jenkins.
We find no error, however, in the trial court’s imposition of the $1000 public defender’s lien without prior notice. The affidavit of insolvency signed by appellant included authorization for the trial court to set a fee for the services of the public defender and to impose a lien against appellant for that amount without any notice of a hearing for such purpose. This waiver dispensed with the notice and hearing requirements of section 27.56(7), Florida Statutes (1985). Dailey v. State, 501 So.2d 15 (Fla. 2d DCA 1986). The trial court, however, must correct the written judgment showing $1005 as the amount of the public defender’s lien to conform to its oral pronouncement setting the amount of the public defender’s lien at $1000. See Yates v. State, 429 So.2d 815 (Fla. 2d DCA 1983).
We find no merit in any of the appellant’s other contentions and, accordingly, affirm the judgment and sentence in all other respects.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER and HALL, JJ., concur.
RYDER, A.C.J., specially concurs.