548 So.2d 1103 (1989)
Raymond BULL, Petitioner,
v.
STATE of Florida, Respondent.
No. 70723.
Supreme Court of Florida.
September 14, 1989.
*1104 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Erica M. Raffel, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
We review Bull v. State, 507 So.2d 744 (Fla. 2d DCA 1987), to resolve conflict with McGeorge v. State, 386 So.2d 29 (Fla. 5th DCA 1980), and Gryca v. State, 315 So.2d 221 (Fla. 1st DCA 1975). Art. V, § 3(b)(3), Fla. Const.
Petitioner was charged with escaping or attempting to escape from Polk Correctional Institution in violation of section 944.40, Florida Statutes (1985). At first appearance, he executed an affidavit of insolvency requesting appointed counsel and authorizing the court to set a fee for the services of counsel and to impose a lien for those services without notice of a hearing for such purposes. The judge, at sentencing, imposed a lien for one thousand dollars and gave petitioner thirty days in which to challenge the amount of the lien. The district court below affirmed, holding that petitioner's affidavit of insolvency waived the notice and hearing rights of section 27.56(7), Florida Statutes (1985). In so holding, the district court either overlooked or chose not to rely on the trial judge's action giving notice and the right to a hearing for the purpose of challenging the amount of the lien.
Section 27.56 provides as a matter of law for the assessment of attorney fees and costs against guilty defendants who have used the services of appointed counsel because of indigency. The assessment creates a lien in the name of the county funding the services and provides for entry of a judgment which may be enforced by the county commissioners in a civil action. Alternatively, the court may require the defendant to execute a lien on presently owned or after-acquired real or personal property as security for the debt. The assessment may take place at any stage of the proceeding after guilt is determined, at the discretion of the court. However, the defendant shall be afforded the right to notice as well as the opportunity to object, to be represented by counsel, and to exercise rights provided in the laws and court rules pertaining to civil cases.
Petitioner presents a series of points which he asserts prohibits the assessment of fees and costs. He argues that the district court erred in relying on the waiver in the affidavit of insolvency because the waiver was coerced by the threat of not receiving counsel and was not voluntary. On this point, we agree with petitioner and McGeorge and Gryca that the statute requires notice and an opportunity to object and that the waiver in the affidavit was invalid. We note, however, that the trial judge was aware of this and gave petitioner thirty days to object and to ask for a hearing. In doing so, the trial judge followed the procedure set forth in Florida Rule of Criminal Procedure 3.720(d)(1) which provides:
If the accused was represented by a public defender or special assistant public defender, the court shall notify the accused of the imposition of a lien pursuant to section 27.56, Florida Statutes (1979). The amount of the lien shall be given and a judgment entered in that amount against the accused. Notice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of sentence.
Petitioner's failure to object or request a hearing constitutes a valid waiver. Petitioner argues that rule 3.720(d)(1) is deficient in that he must be given an opportunity to challenge the imposition of any lien for the services of an appointed attorney. We disagree. Section 27.56 provides for the assessment of fees and costs as a matter of law. It is only the amount which is *1105 potentially at issue. There is no constitutional bar to advising an indigent defendant that he may be required to repay the costs of appointed counsel and to collecting those costs at some later time if the defendant becomes solvent. Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). Further, contrary to petitioner's argument, we see no conflict with Jenkins v. State, 444 So.2d 947 (Fla. 1984), where we held that notice and an opportunity to be heard must be given and a judicial determination made that the defendant is able to pay before repayment is enforced. Notice and an opportunity to be heard have been afforded, and enforcement of the lien will require a civil action during which petitioner may show an inability to repay the debt.
Petitioner next argues that a public defender cannot ethically represent a client while, at the same time, petitioning the court for the assessment of fees and costs as required by section 27.56(1)(a). In support, petitioner cites Graham v. Murrell, 462 So.2d 34 (Fla. 1st DCA 1984), where the court held this provision of the statute unconstitutional because it invaded the province of the judiciary by establishing a judicial procedure and by impermissibly attempting to regulate the conduct of attorneys. We disagree with petitioner's argument and disapprove Murrell. The provision simply establishes a device whereby the attorney rendering the services presents a bill to the court and to the client. We see no ethical conflict in an attorney presenting a bill to a client even though the client is unable to pay at the time the bill is presented. The provision is necessary if the state's substantive right to obtain repayment is to be enforced. Unlike the Murrell court, we see no procedural conflict with rule 3.720(d)(1). By its terms, section 27.56 does not become operative until the court having jurisdiction has determined guilt, at which point it is left to the discretion of the court when to receive and consider the motion for fees and costs. Similarly, rule 3.720 provides that a sentencing hearing will take place as soon as practicable after guilt is determined and that during this hearing action will be taken on the lien.
Petitioner's final argument on this issue is that the public defender's role in the lien processing presents an ethical dilemma. In petitioner's view, the public defender benefits from the imposition of heavy fees and costs against its client and, because of this conflict of interest, cannot furnish effective assistance of counsel in contesting the imposition or amount of such fees and costs. Petitioner postulates that a solvent client who disagrees with an attorney's bill would hire a second attorney to contest the fee and that an indigent defendant must also be provided a second appointed attorney to contest the first appointed attorney's bill. Petitioner does not tell us when this cycle of additional appointed attorneys would end, if ever. We note, first, that any repayment by a formerly indigent defendant is made to the county, not the public defender, and normally occurs well after the services are performed. More importantly, petitioner's argument is based on the unspoken and invalid assumption that an indigent defendant has the right to an appointed counsel for the purpose of contesting attorney fees and costs. The assessment of fees and costs and the imposition of a lien is a civil proceeding which is reduced to a civil judgment. Further, enforcement of the lien is also a civil proceeding by the county, not a criminal prosecution by the state. Section 27.56(7) provides for the right to be represented by counsel, not the right to appointed counsel.
Petitioner also argues that the trial judge erred in refusing argument and evidence that petitioner did not intend to escape from the close custody institution where he was serving a twenty-year sentence, but was merely attempting to obtain a transfer to a road camp where there was more freedom and better conditions. The facts adduced at trial show that petitioner had been at the institution for approximately three weeks. At dusk on a June day just before the perimeter lights came on, he and his cohort discarded their prison identification and donned long-sleeve sweatshirts and gloves. They then scaled two fences which were six and twelve feet *1106 high in an area distant from and between two guard posts. They fled when accosted by an armed guard who called on them to surrender immediately outside the perimeter and were captured at gunpoint by a second armed guard approximately two hundred feet outside the perimeter. In opening argument to the jury, counsel attempted to argue that petitioner feared for his life and did not intend to escape, he only wanted a transfer to another facility. The trial judge refused this argument and called for a proffer of evidence supporting a theory that the escape arose out of necessity. Petitioner was unable to proffer any evidence that he had reported a threat to his life to the authorities and that they had refused to take action. We agree with the trial judge that the proffered evidence did not meet the criteria for a defense of necessity and that attempting to characterize the defense as disproving intent was unavailing. Holdren v. State, 415 So.2d 39 (Fla. 2d DCA), review denied, 422 So.2d 842 (Fla. 1982); State v. Alcantaro, 407 So.2d 922 (Fla. 1st DCA 1981), review denied, 413 So.2d 875 (Fla. 1982); Watford v. State, 353 So.2d 1263 (Fla. 1st DCA 1978).
In summary, we disapprove the reasoning of the district court below in affirming the imposition of the lien but approve the result reached and the denial of any other relief. We also disapprove the decision in Graham v. Murrell.
It is so ordered.
OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
EHRLICH, C.J., concurs in part and dissents in part with an opinion, in which BARKETT and KOGAN, JJ., concur.
EHRLICH, Chief Justice, concurring in part and dissenting in part.
I concur with those portions of the majority decision which hold that a public defender may ethically represent a client while, at the same time, petitioning the court for the assessment of fees and costs as required by section 27.56(1)(a), Florida Statutes (1985), and which hold that the trial judge correctly determined that proffered evidence did not meet the criteria for a defense of necessity. I must, however, dissent to that portion of the decision regarding imposition of a lien for the services of the public defender.
In Jenkins v. State, 444 So.2d 947 (Fla. 1984), the trial court imposed costs of twelve dollars against the defendant at the sentencing hearing, consisting of ten dollars for the Crimes Compensation Fund under the authority of section 960.20, Florida Statutes (1981), and two dollars for the Law Enforcement Training Fund under the authority of section 943.25(4), Florida Statutes (1981). This Court stated that in order to recover costs under sections 960.20 and 943.25 against an indigent defendant, the state must first
provide adequate notice of such assessment to the defendant with full opportunity to object to the assessment of those costs. In addition, any enforcement of the collection of those costs must occur only after a judicial finding that the indigent defendant has the ability to pay in accordance with the principles enunciated in Fuller v. Oregon [417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974)].
444 So.2d at 950.
Because there was no prior notice given to Jenkins that these costs would be assessed against him at the sentencing hearing, we held that the assessment of costs was not appropriate. Id. Accordingly, I feel the majority has misapplied the first part of the test set forth in Jenkins for assessing costs against an indigent defendant in stating that there is no conflict with the decision in Jenkins and that the opportunity to object after imposition of the lien is sufficient.
Furthermore, while the majority states that it agrees with the decision of the Fifth District Court of Appeal in McGeorge v. State, 386 So.2d 29 (Fla. 5th DCA 1980) "that the statute requires notice and an opportunity to object and that the waiver in the affidavit was invalid," at 1104, the majority's analysis ignores the reason stated by the Fifth District for finding the waiver in the affidavit invalid:

*1107 This is an infringement upon the appellant's constitutional right to counsel because it requires the abandonment of a statutory right to have notice and be heard before the fee is set and the lien attaches. Sec. 27.56(7), Fla. Stat. (1979); Gryca v. State, 315 So.2d 221 (Fla. 1st DCA 1975).
McGeorge, 386 So.2d at 30 (emphasis added). See also Thomas v. State, 486 So.2d 69 (Fla. 4th DCA 1986); Shaffer v. State, 446 So.2d 1156 (Fla. 2d DCA 1984). Cf. Mays v. State, 519 So.2d 618 (Fla. 1988) (due process requires notice and an opportunity to be heard prior to assessment of costs under section 27.3455).
Notice and an opportunity to be heard prior to assessment of costs is also required by section 27.56(7), Florida Statutes. This section provides that the court "may, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender, special assistant public defender, or appointed private legal counsel and costs, at which time the defendant-recipient or parent ... shall have opportunity to be heard and offer objection." Furthermore, this section provides that the defendant must have been provided with adequate notice that this determination will be made in order to enable the defendant to prepare objections to the determination. Accordingly, I agree with the Third District Court of Appeal that "[t]he fact that the court allowed the defendant to request a hearing on certain of these costs after the costs had already been imposed cannot change the result" that the costs were unlawfully imposed because they were ordered paid without giving the defendant prior notice and hearing as required by Florida law. Cliburn v. State, 510 So.2d 1155, 1156 (Fla. 3d DCA 1987).
BARKETT and KOGAN, JJ., concur.