558 So.2d 174 (1990)
Daniel Edward ROWE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1036.
District Court of Appeal of Florida, Fifth District.
March 15, 1990.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Chief Judge.
Daniel Edward Rowe appeals from that portion of his judgment and sentence which imposed $25 costs under sections 960.20 and 943.25 without adequate notice and an opportunity to be heard and the imposition of 50 hours of community service in lieu of $200 costs under section 27.3455 (Supp. 1988). We quash the imposition of costs and community service and remand to the trial court for assessment of costs under all three sections after notice and hearing in accordance with Mays v. State, 519 So.2d 618 (Fla. 1988).
The state argues this court should adopt the federal rationale regarding assessment of costs as contained in United *175 States v. Cooper, 870 F.2d 586 (11th Cir.1989); United States v. Rivera-Velez, 839 F.2d 8 (1st Cir.1988) and United States v. Pagan, 785 F.2d 378 (2d Cir.), cert. denied, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). In those cases, the courts held that a mandatory $50 assessment against an indigent defendant is not unconstitutional until the government seeks to enforce collection at a time when the defendant is unable, through no fault of his own, to comply. It is at the time of enforcement that the indigent, faced by the alternatives of payment or imprisonment, may assert a constitutional objection on the grounds of his indigency.
However, the above cases do not involve the issue of adequate notice and opportunity to be heard prior to the imposition of costs, but whether costs may be imposed upon an indigent defendant. On this latter issue, our Florida Supreme Court has already stated that "There is no constitutional bar to advising an indigent defendant that he may be required to repay the costs of appointed counsel and to collecting those costs at some later time if the defendant becomes solvent." Bull v. State, 548 So.2d 1103, 1105 (Fla. 1989). In addition, the Florida Supreme Court went on to say in Bull:
Further, contrary to petitioner's argument, we see no conflict with Jenkins v. State, 444 So.2d 947 (Fla. 1984), where we held that notice and an opportunity to be heard must be given and a judicial determination made that the defendant is able to pay before repayment is enforced. Notice and an opportunity to be heard have been afforded, and enforcement of the lien will require a civil action during which petitioner may show an inability to repay the debt.
548 So.2d at 1105.
Thus, it is clear that a defendant, whether he be indigent or not, is entitled to adequate notice and an opportunity to be heard prior to the imposition of costs. Later, upon enforcement, he may not be forced to pay those costs if he can show an inability to pay them.
Finally, the state concedes that the court was without authority to impose community service in lieu of costs under section 27.3455. Accordingly, the imposition of costs and community control are quashed and the case remanded for the reimposition of costs under all three sections after adequate notice and an opportunity to be heard has been given. See Nash v. State, 552 So.2d 1195 (Fla. 5th DCA 1989).
Costs and community service QUASHED; REMANDED.
GOSHORN, J., concurs.
DAUKSCH, J., concurs in conclusion only.