WOLF, Judge.
This is an appeal from the imposition of adult sanctions upon a juvenile defendant. The defendant also challenges the imposition of costs, and/or community service without the giving of adequate notice and opportunity to be heard.
We affirm as to the imposition of adult sanctions but reverse as to the imposition of costs and/or community service.
The transcript of the sentencing hearing reflects that the trial court adequately addressed the six criteria enumerated in § 39.111(7)(c), Fla.Stat. We, therefore, find no error in the imposition of adult sanctions. See Martin v. State, 547 So.2d 998 (Fla. 1st DCA 1989).
The imposition of costs, however, is reversed because appellant was not given adequate notice and opportunity to be heard as to the issue of costs. Jenkins v. *590 State, 444 So.2d 947 (Fla.1984); Munday v. State, 547 So.2d 336 (Fla. 1st DCA 1989).
We also find the trial court was without authority to impose community service in lieu of court costs. Rowe v. State, 558 So.2d 174 (Fla. 5th DCA 1990).
Accordingly, the imposition of costs and community service in lieu of court costs is quashed, and the case is remanded with directions to the trial court to strike the imposition of costs or to reimpose costs after adequate notice and opportunity to be heard has been given in accordance with Jenkins.
WIGGINTON and BARFIELD, JJ., concur.