566 So.2d 593 (1990)
Calvin RHODES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01571.
District Court of Appeal of Florida, First District.
September 12, 1990.
*594 Barbara M. Linthicum, Public Defender, and Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from the imposition of costs as part of a judgment and sentence for escape. Appellant cites Jenkins v. State, 444 So.2d 947, 950 (Fla. 1984), and Hughes v. State, 497 So.2d 938, 940 (Fla. 1st DCA 1986), approved, Mays v. State, 519 So.2d 618, 620 (Fla. 1988), arguing that because he had previously been adjudicated indigent, the trial court erred in imposing statutory costs upon him without prior notice and an opportunity to be heard. Appellee argues that the trial court's imposition of statutorily-mandated, fixed costs without prior notice and hearing is permissible under the holding in Bull v. State, 548 So.2d 1103, 1104, 1105 (Fla. 1989), and is consistent with recent federal decisions.
In Bull, the Supreme Court held that a convicted indigent defendant need not be given notice and an opportunity to be heard prior to the imposition of a lien to recover attorney fees and costs under Section 27.56, Florida Statutes, and Florida Rule of Criminal Procedure 3.720(d)(1). Because only the amount of the lien is at issue, the defendant need only be given an opportunity to challenge the amount of the lien.
Recent federal decisions have held that due process presents no impediment to the imposition of costs upon a convicted indigent defendant until the government seeks to enforce collection of them. In United States v. Pagan, 785 F.2d 378, 381 (2d Cir.1986), cert. denied, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986), the court held:
[T]he imposition of assessments on an indigent, per se, does not offend the Constitution. Constitutional principles will be implicated here only if the government seeks to enforce collection of the assessments "`at a time when [Pagan is] unable, through no fault of his own, to comply.'"
Accord, United States v. Rivera-Velez, 839 F.2d 8 (1st Cir.1988); United States v. Cooper, 870 F.2d 586 (11th Cir.1989).
Accordingly, we affirm the imposition of costs. However, we recognize that the Supreme Court has not expressly receded from its earlier holding in Jenkins, supra, and therefore certify the following question to the Supreme Court:
WHETHER BULL V. STATE, 548 So.2d 1103 (FLA. 1989), STANDS FOR THE PROPOSITION THAT STATUTORILY-MANDATED AND FIXED COSTS MAY BE IMPOSED ON CONVICTED INDIGENT CRIMINAL DEFENDANTS WITHOUT AFFORDING THEM SPECIAL NOTICE OR A HEARING SEPARATE FROM THE SENTENCING HEARING.
BOOTH, SMITH and WENTWORTH, JJ., concur.