PER CURIAM.
Appellant/Defendant/Mark Mercy (Appellant) appeals his conviction for the unarmed burglary of an occupied conveyance during which an assault or battery was not committed.
Both parties agree that the judgment must be corrected to reflect that the appellant was convicted of a second degree felony, rather than a first degree felony, because appellant was unarmed and did not commit an assault or battery. Section 810.-02(3), Florida Statutes. Additionally, the trial court imposed costs upon appellant without affording the appellant adequate notice and an opportunity to be heard. A defendant is entitled to adequate notice and opportunity to be heard prior to the imposition of costs. Rowe v. State, 558 So.2d 174 (Fla. 5th DCA 1990). Appellant’s remaining points on appeal are without merit.
Accordingly, we reverse and remand the instant case to the trial court to correct the judgment to reflect that the appellant was convicted of a second degree felony, and for reimposition of costs after Appellant is afforded adequate notice and an opportunity to be heard.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
HERSEY, C.J., and DELL and GUNTHER, JJ., concur.