570 So.2d 377 (1990)
David Lee SHOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2258.
District Court of Appeal of Florida, First District.
November 15, 1990.
*378 Barbara M. Linthicum, Public Defender, Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
David Lee Showers appeals his conviction and sentence and raises five issues.
The first issue, whether the evidence was sufficient to support appellant's conviction, was not brought to the attention of the trial court. The motion for judgment of acquittal made by the defendant at the close of the State's case and at the close of all the evidence was deficient. They not only failed to set out the argument made on appeal, but failed to set out any grounds whatsoever or to make any supporting argument. The argument raised in the first issue has not been preserved for appeal and must be affirmed. G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1977).
The second issue raises the constitutionality of section 775.084, Florida Statutes (1988), the habitual offender statute. We recently upheld the constitutionality of this statute against the same arguments raised in appellant's brief. See Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990). We affirm the second issue.
The third issue is whether the trial court erred in sentencing appellant as a habitual felony offender without making the requisite findings or providing notice to the defendant. This court held in Robinson v. State, 551 So.2d 1240, 1241 (Fla. 1st DCA 1989):
Chapter 88-131, section 6, Laws of Florida, which became effective October 1, 1988, amended section 775.084(3), Florida Statutes, to delete the requirement that the trial court determine `if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4).' The statute now requires only that the court determine `if the defendant is an habitual felony offender or an habitual violent felony offender.' Appellant's crimes were committed on October 12, 1988. Since he met the applicable statutory criteria for an habitual felony offender, the trial court did not need to find that an extended term was necessary to protect the public, and did not err in imposing an enhanced sentence under section 775.084(4), Florida Statutes (1988).
Appellant's second point on this issue is without merit. The record shows that the State's "Notice of Intention to Seek Habitual Felony Offender Sentencing" was filed in the trial court and served on defendant's attorney on January 5, 1989.
On the fourth issue, appellant argues that the trial court erred in imposing a guideline departure sentence without providing written reasons. A trial court is not required to provide written reasons for imposing a guideline departure sentence once it has determined that the defendant fits the definition of an habitual felony offender. See Owens v. State, 560 So.2d 1260 (Fla. 1st DCA 1990).
On the fifth issue, we affirm in part and reverse in part. Appellant first claims that the trial court erred in imposing statutory costs without providing the procedural safeguards previously mandated in Jenkins v. State, 444 So.2d 947 (Fla. 1984). This court has recently interpreted state and federal decisions as holding that an indigent defendant need not be provided notice and an opportunity to be heard prior to the imposition of statutorily-mandated, fixed costs. See Rhodes v. State, 566 So.2d 593 (Fla. 1st DCA 1990). Accordingly, we affirm the trial court's imposition of costs. As in Rhodes, however, we recognize that the Florida Supreme Court has not expressly receded from its holding in Jenkins, supra. For that reason, we again certify the following question to the Supreme Court:
WHETHER BULL v. STATE, 548 So.2d 1103 (FLA. 1989), STANDS FOR THE PROPOSITION THAT STATUTORILY-MANDATED AND FIXED COSTS MAY *379 BE IMPOSED ON CONVICTED INDIGENT CRIMINAL DEFENDANTS WITHOUT AFFORDING THEM SPECIAL NOTICE OR A HEARING SEPARATE FROM THE SENTENCING HEARING.
As to appellant's second point on this issue, the law is clear, and appellee concedes, that the amount of restitution to be paid by defendant must be determined by the court, and that the task may not be delegated to a probation or parole officer. Section 948.03(1)(e), F.S. (1989); Doner v. State, 515 So.2d 1368 (Fla. 2d DCA 1987). The trial court's order that the defendant "make restitution as determined by probation and parole" must therefore be reversed, and the matter remanded with directions that the amount of restitution, if any, be determined by the trial court.
AFFIRMED in part, and REVERSED and REMANDED in part.
MINER and WOLF, JJ., concur.