580 So.2d 326 (1991)
Erskin Alfonzo WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-399.
District Court of Appeal of Florida, Fifth District.
May 30, 1991.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Williams pleaded nolo contendere and reserved the right to appeal. We affirm the conviction because the lower court properly denied Williams' motion to suppress. The only meritorious issue raised by Williams, who was declared indigent by the trial court, concerns the order imposing payment of costs as a condition of community control. At the sentencing hearing, the court imposed costs and fees totaling $1,126.
*327 On the authority of State v. Beasley, 580 So.2d 139 (Fla. 1991), we also affirm the portion of the order imposing costs pursuant to the requirements of sections 960.20, 943.25, and 27.3455(1), Florida Statutes. We reverse the balance of the costs imposed because the amounts of those costs are not liquidated in the statutes authorizing them, i.e., sections 27.56 and 939.01. As to those costs, the defendant was not afforded adequate notice and opportunity to be heard. Bull v. State, 548 So.2d 1103 (Fla. 1989). The reversal is without prejudice to the state to seek reimposition of such costs after Williams has been given adequate notice and opportunity to be heard on the matter.
AFFIRMED in part; REVERSED in part.
DAUKSCH and COBB, JJ., concur.