WARNER, Judge.
This is an appeal from an order requiring appellant’s court appointed counsel, as a condition precedent to receiving payment for his services in representing appellant, to file a statement of claim which may be enforced against appellant as a lien pursuant to a Broward County ordinance. The question is whether the ordinance conflicts with state law and is thus improper and unenforceable against appellant. See Art. VIII, § 1(g), Fla. Const. We hold that the ordinance is inconsistent with state law and may not be enforced against appellant.
Appellant was charged with aggravated battery and declared indigent. The trial court appointed Gary Kollin, Esq., as appellant’s special public defender. A jury acquitted appellant of the charged crime.
When Mr. Kollin sought to be compensated by Broward County, the Court Administrator’s Office refused to consider his request without a “statement of claim” as required by the county’s ordinance 10-86 and the court local rule. Such statement of claim creates a lien against the defendant in favor of Bro-ward County.
Mr. Kollin requested that the court enter an order requiring Broward County to compensate him without his having to file a statement of claim. Kollin argued that the *659 Broward County Ordinance and administrative order conflicted with state law which does not permit a claim/lien to be created against an indigent defendant who was acquitted.
After a hearing on the issue, the trial court determined that the Broward ordinance was not superseded or prohibited by state law, specifically section 27.56, Florida Statutes (1991), and that if Kollin desired to be compensated, he must first file the Statement of Claim required by the ordinance and administrative order. This statement when filed created a lien on appellant’s assets. This appeal was perfected from that order.
Section 10-86 of the Code of Broward County provides:
there is hereby created a lien ... upon all the property, both real and personal, of any person who is receiving or has received any assistance from any attorney appointed to represent such person in any criminal proceeding by any court in Bro-ward County....
Florida Statute section 27.56 entitled “Assistance; lien for payment of attorney’s fees or costs” provides:
(1)(a) The court having jurisdiction over any defendant who has been determined to be guilty of a criminal act by a court or jury or through a plea of guilty or nolo contendere and who has received the assistance of the public defender’s office or a special assistant public defender ..., may assess attorney’s fees and costs against the defendant.
(b) upon entering a judgment of conviction, the trial court may order the defendant to pay the costs assessed by the court in full, or....
(c) ... The court may order payment of the assessed attorney’s fees as a condition of probation, of suspension of sentence, or of withholding the imposition of a sentence.
(2)(a) When payment of the attorney’s fees or costs has been ordered by the court, there is hereby created in the name of the county in which such assistance was rendered a lien, enforceable as hereinafter provided, upon all the property, both real and personal, of any person who:
1. Has received any assistance from any ... special assistant public defender....
Broward County concedes, and we agree, that section 27.56(1) only applies to convicted defendants. See Bull v. State, 548 So.2d 1103, 1105 (Fla.1989). Subdivision 1 specifically states that the court can order only convicted defendants to pay the fees of a public defender or special public defender. Broward County, however, argues that subdivision 2 allows a lien against “any person” who has received public defender assistance, not merely convicted defendants. We disagree. Subdivision 2 allows a lien “when payment of attorney’s fees or costs has been ordered by the court.” Since under subdivision 1 the court can order payment only by convicted defendants, there is no court order which would trigger the lien provisions of subdivision 2 in the case of an acquitted defendant.
A county ordinance cannot be inconsistent with general law. Art. VIII, § 1(g), Fla. Const. Here, the lien ordinance is inconsistent with section 27.56 to the extent that it applies and creates a lien against acquitted defendants. Applying the familiar principle of statutory construction of expressio unius est exclusio alterius (the mention of one thing implies the exclusion of another), Thayer v. State, 335 So.2d 815 (Fla.1976), the inclusion only of convicted defendants in the section implies the exclusion of acquitted defendants. Our use of this statutory maxim is bolstered by the fact that prior to 1977 section 27.56 permitted a lien to be imposed against “any person.” However, in 1977 it was amended to allow orders of payment for fees and enforcement of liens only against convicted defendants. Ch. 77-264, Laws of Fla. The legislature acted affirmatively to exclude acquitted defendants. Broward County cannot permit what the legislature has excluded, namely the assertion of a lien against an acquitted defendant for special counsel fees. To do so would be inconsistent with general law and thus unconstitutional.
We therefore reverse the order of the trial court and direct that upon remand the state *660 ment of claim be expunged from the Broward County public records.
HERSEY and GUNTHER, JJ., concur.