PER CURIAM.
Albert Metevier, Jr., appeals a third degree felony conviction for violation of the Florida Communications Fraud Act, section 817.034, Florida Statutes, and a first degree misdemeanor conviction for attempting to utter or issue a worthless check. The order of community control on the felony charge imposes state attorney investigative costs of $250 and Flagler County Sheriffs Office investigative costs of $150. The order of probation on the misdemeanor charge imposes investigative costs of $50 each for the two agencies.
This appeal was conducted pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). When, in our review of the record, we could not find the investigative costs were requested and documented as required by section 939.01(1) [1] Florida Statutes, we gave the state an opportunity to address the matter. The state, in its answer, failed to locate the imposition of the felony costs at page 247 of the record, and argued that the costs of $100 in the misdemeanor case should either be ignored because of the doctrine de minimis non cu-rat lex, or remedied through post-conviction remedies. We find that the total investigative costs of $500 is not insignificant. We further see no reason to delay the inevitable with even greater expenditures of time and labor through post-conviction remedies.
Accordingly, we strike the investigative costs, but affirm the judgments and sentences in all other respects.
AFFIRMED IN PART; REVERSED IN PART.
PETERSON, C.J., and THOMPSON and ANTOON, JJ., concur.

. There also is no indication that the costs imposed were part of Metevier's plea or that he was given prior notice that they would be imposed. See Williams v. State, 580 So.2d 326 (Fla. 5th DCA 1991).