886 So.2d 396 (2004)
Gennaro CALABRESE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-4203.
District Court of Appeal of Florida, First District.
November 15, 2004.
*397 Fred Haddad, of Fred Haddad, P.A., Fort Lauderdale, for Appellant.
Charles J. Crist, Jr., Attorney General; and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
An amended information charged Gennaro Calabrese (Appellant) with trafficking in cocaine with Karim Mathew Rauf by unlawfully and knowingly purchasing 28 grams or more, but less than 200 grams, of cocaine or any mixture containing cocaine (Count One); conspiracy with Rauf to traffic in cocaine (Count Two); and possession of cocaine with Rauf with the intent to sell (Count Three). Appellant went to trial on Counts One and Two. The jury found Appellant not guilty as to Count One and guilty as charged as to Count Two. On appeal, Appellant contends that the evidence was insufficient to support the conviction for conspiracy to traffic in cocaine, and that the jury instructions were fundamentally erroneous regarding the conspiracy to traffic count on which he was convicted. Regarding the sufficiency of the evidence and assuming, for the sake of argument, that the specific issue were preserved for appellate review, see Showers v. State, 570 So.2d 377, 378 (Fla. 1st DCA 1990), we conclude that the State presented sufficient evidence to send the case to the jury. However, we find that the trial court fundamentally erred by failing to give the "independent act" special jury instruction in conjunction with the instruction on conspiracy to traffic in cocaine. See Reed v. State, 837 So.2d 366, 368-70 (Fla.2002). Accordingly, we reverse Appellant's conviction and sentence and remand for a new trial.
The State's theory of the case was that Appellant and Karim Rauf had agreed to purchase cocaine from Michael Edelen and had gone to Edelen's apartment, where (at the conclusion of the buy) they were arrested and taken into custody. Appellant concedes that the trial court correctly instructed the jury on the trafficking in cocaine count. The court announced that certain drugs and chemical substances are known by law as "controlled" substances, *398 and that cocaine or any mixture containing cocaine is such a controlled substance. The jury was told that the elements of trafficking are as follows: 1) Appellant knowingly purchased a certain substance; 2) the substance was cocaine; 3) the quantity of the substance was 28 grams or more; and 4) Appellant knew the substance was cocaine. See § 893.135(1)(b)1.a., Fla. Stat. (2001); Concepcion v. State, 857 So.2d 299, 300 (Fla. 5th DCA 2003). The court then instructed the jury on criminal conspiracy:
Before you can find the defendant guilty of criminal conspiracy, the state must prove the following two elements beyond a reasonable doubt.
One, the intent of [Appellant] was that the offense of trafficking in cocaine, 28 grams or more, would be committed.
And, two, in order to carry out that attempt [sic], [Appellant] agreed, conspired, combined, or confederated with Karim Rauf to cause the purchase of 28 grams or more of cocaine to be committed, either by  either by them or one of them or by some other person. It is not necessary that the defendant do any act in furtherance of the offense conspired.
(Emphasis added). Next, the court instructed the jury on the lesser-included offenses of purchase of cocaine and conspiracy to purchase cocaine.
The trial court gave the "independent act" instruction to the jury as to Count One:
If you find that the crime alleged was committed, an issue in this case is whether the crime of trafficking in cocaine was an independent act of another person other than the defendant.
An independent act occurs when a person other than the defendant commits or attempts to commit a crime, one, which the defendant did not intend to occur, and, two, in which the defendant did not participate, and, three, was outside of and not a reasonably foreseeable consequence of the common design or unlawful act contemplated by the defendant.
If you find that the defendant was not present when the crime of trafficking in cocaine occurred, that does not, in and of itself, establish a crime  that the crime of trafficking in cocaine was an independent act of another.
If you find the crime of trafficking in cocaine was an independent act of Karim Rauf, then you should find [Appellant], the defendant, not guilty of the crime of trafficking in cocaine.

(Emphasis added). The defense did not object to the jury instructions as given. Appellant contends that it was fundamental error not to instruct the jury on the applicability of the "independent act" doctrine to Count Two (conspiracy to traffic in cocaine) as well.
The charged offenses occurred on or about October 17, 2002, in Alachua County. The defense argued that the cocaine purchase was the independent act of Rauf, brought on by persistent telephone calls from Edelen, a major cocaine trafficker who began cooperating with the police after being arrested. Appellant asserts that the instructions given must have impressed the jury, for it acquitted him on the trafficking count. The jury was not clearly instructed that the "independent act" doctrine applies not only to trafficking in cocaine, but also to conspiracy to traffic, and it found Appellant guilty as charged on Count Two. The offense of criminal conspiracy involves at least two persons. See § 777.04(3), Florida Statutes (2001). Thus, the conspiracy itself could not have been the independent act of Rauf alone. However, the jury heard conflicting evidence regarding how much cocaine Appellant agreed and expected to purchase from Edelin, and whether it was an amount sufficient to constitute trafficking under section 893.135(1)(b)1.a. If it had been fully, *399 properly instructed, the jury could have found that although Appellant and Rauf conspired to purchase cocaine, Rauf acted independently in deciding to buy a greater weight of cocaine (thereby meeting the statutory requirements for trafficking) than the amount to which Appellant had agreed or conspired to buy. The failure to give a complete instruction concerning a disputed element of the offense confused the jury and denied it an opportunity to "acquit" Appellant. Such a deficiency in a jury instruction constitutes fundamental error according to Reed, 837 So.2d at 369-70, which is not subject to "harmless error" review.
Appellant asserts that the instruction given on criminal conspiracy is erroneous in stating: "In order to carry out the intent, [Appellant] agreed, conspired, combined, or confederated with Karim Rauf to cause the purchase of 28 grams or more of cocaine to be committed, either by ... them or one of them or by some other person." (Emphasis added). Specifically, Appellant argues that the use of the word "or" constitutes fundamental error. Given the record evidence that the conspiracy to purchase, if any, involved only Rauf and Appellant, there is no basis for instructing the jury that it could find Appellant conspired with Rauf to purchase 28 grams or more of cocaine, with the purchase to be committed "by some other person." Edelen was the seller, not a purchaser. Given the possibility this issue will arise on retrial, we note this language in the instruction is erroneous.
Appellant's conviction and sentence are REVERSED, and the case is REMANDED for a new trial.
BENTON and POLSTON, JJ., Concur.