582 So.2d 163 (1991)
In the Interest of R.B., a Child.
No. 91-0020.
District Court of Appeal of Florida, Fourth District.
July 10, 1991.
Richard L. Jorandby, Public Defender, Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Georgina Jimenez-Orosa, and Michelle Smith, West Palm Beach, for appellee.
FARMER, Judge.
We affirm the trial court's denial of the motion to suppress and the adjudication of delinquency.
Appellant also challenges a provision of the order adjudicating him a delinquent which ordered him to pay a public defender's fee of $250. He argues that there was no notice or motion at the trial/suppression hearing for the assessment of public defender's fees, and cites Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), for the general proposition that attorney's fees may not be judicially assessed without prior notice and hearing.
The state responds that appellant did not object to the fee at the hearing and thus waived it. It also argues that no prior notice is required for the assessment of costs under sections 27.3455, 943.25, and 960.20, Florida Statutes (1989), at the sentencing hearing, State v. Beasley, 580 So.2d 139 (Fla. 1991), so none should be *164 required for the assessment of public defender's fees under section 27.56.
Our review of the record shows that there was absolutely no mention, by motion or otherwise, of the subject of public defender's fees until the very end of the hearing. When it finally did arise, it occurred in the following way:
THE COURT: * * * You don't have to file an appeal, but if you do it has to be done within the 30-day period, otherwise the law says you waive or give up your appellate rights. Any questions about your appellate rights?
THE CHILD: (No verbal response.)
THE COURT: I'll give you a Public Defender's fee of $250 for the trial.
At that precise point the hearing was ended. We thus find no prior notice, much less a motion by anyone, that would alert the defendant to be prepared to address the issue.
We find the following parts of section 27.56 to be pertinent to the issue. In subsection (1)(a), it says in part:
(1)(a) The court having jurisdiction over any defendant who has been determined to be guilty of a criminal act by a court or jury or through a plea of guilty or nolo contendere and who has received the assistance of the public defender's office or a special assistant public defender, or the services of a private attorney appointed pursuant to the Florida Statutes or the Florida Rules of Criminal Procedure, may assess attorney's fees and costs against the defendant. At the sentencing hearing or at such stage in the proceedings as the court may deem appropriate, the public defender, the special assistant public defender, or the private attorney representing such defendant shall move the court to assess the attorney's fees and costs against such defendant. [e.s.] * * *
That is followed later in the same statute by subsection (7) which says:
(7) The court having jurisdiction of the defendant-recipient may, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender, special assistant public defender, or appointed private legal counsel and costs, at which time the defendant-recipient or parent, after adequate notice thereof, shall have the opportunity to be heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law. [e.s.]
Neither of the foregoing provisions has any counterpart in sections 27.3455, 943.25 and 960.20.
As we did in Hostzclaw v. State, 561 So.2d 1323 (Fla. 4th DCA 1990), we find that prior notice is indispensable to the imposition of attorney's (public defender) fees under section 27.56(1)(a). Moreover, there is nothing in the supreme court's Beasley decision which does away with this requirement, because sections 27.3455, 943.25 and 960.20, which were the subject of Beasley, do not contain the quite specific language of section 27.56 quoted above. We also see a substantial distinction between attorney's fees and the kind of costs imposed by the statutes construed in Beasley.
We cannot avoid seeing that subsection (1)(a) expressly requires the public defender, not the trial judge, to file the motion for fees. There is no provision for the trial court to raise such a motion sua sponte, any more than there is in a civil proceeding where one party is allowed to recover fees from the other. While we recognize the ethical conflict facing a public defender who must at once represent his client in opposing such fees and at the same time be the proponent of their assessment, we cannot find textual approval for a procedure where the trial judge becomes both the moving party and the official who makes the assessment.
In addition to the foregoing, subsection (7) rather plainly requires that the defendant-recipient be given "due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases." To us, the *165 methodology of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), could well fit within the meaning of "the procedures and rights provided in laws and court rules pertaining to civil cases."
The requirements of Rowe are based on the fact that one party to the proceeding is seeking to recover counsel fees from the adverse party. We recognize, however, that under section 27.56 the defendant is merely being asked to pay for his own legal representation, in contrast to the situation in Rowe where the party opposing fees is paying for his adversary's lawyer.
It is, however, firmly established that counsel is constitutionally required in criminal cases. If the state wants to punish someone for a crime who is unable to afford a lawyer, it must furnish him with counsel to make the conviction stick. In fact the police tell suspects that, if they cannot afford a lawyer, the state will furnish one before any questioning may begin. They omit to add that the state will thereafter charge him for the cost of that lawyer and impose a lien on all of his property (under section 27.56) if he does not pay. It may thus understandably seem paradoxical to some that under section 27.56 the state seeks to recover the cost of a lawyer from a person that the state has just found is unable to pay for one, but appellant has not challenged the validity of section 27.56 on this ground.
In the last analysis, there is one circumstance which we find even more compelling in this section 27.56 scenario. Under subsection (2)(a) of section 27.56, the parent of a juvenile indigent may be held responsible for the public defender attorney's fees assessed under section 27.56 for a child accused of a crime and may even suffer the imposition of a lien against the parent's property to secure the payment of the fees actually determined. Hence the assessment of fees under this statute may directly affect the interests of persons other than the criminal defendant. These considerations are significant enough to us, as apparently they were to the legislature, to read section 27.56 to require the safeguards of prior notice and a Rowe kind of hearing  at least if the defendant-recipient or parent asks for it.
We therefore reverse the assessment of attorney's fees.
AFFIRMED IN PART AND REVERSED IN PART.
DOWNEY and GUNTHER, JJ., concur.