CORRECTED
DAUKSCH, Judge.
This is an appeal from an order placing appellant, a juvenile, on community control for possession of cocaine. The applicable statute, section 39.052(3)(a), Florida Statutes (1991), requires that the sentencing court consider a predisposition report before properly passing sentence. Because that was not done here we reverse the sentence and remand for resentencing after consideration of a predisposition report. See Levesen v. State, 553 So.2d 290 (Fla. 2d DCA 1989); Hammonds v. State, 543 So.2d 337 (Fla. 4th DCA 1989); Franklin v. State, 476 So.2d 1346 (Fla. 1st DCA 1985); Franklin v. State, 473 So.2d 763 (Fla. 1st DCA), dismissed sub nom. Owens v. State, 478 So.2d 54 (Fla.1985); Upshaw v. State, 464 So.2d 1355 (Fla. 4th DCA 1985).
Also, the court imposed a lien for the public defender’s fees against appellant without giving appellant notice and an opportunity to be heard. This was error so this order is reversed. See In re R.B., 582 So.2d 163 (Fla. 4th DCA 1991); Hostzclaw v. State, 561. So.2d 1323 (Fla. 4th DCA *141 1990); McMahon v. State, 561 So.2d 1284 (Fla. 5th DCA 1990).
REVERSED and REMANDED.
GOSHORN, C.J., and COWART, J., concur.