610 So.2d 102 (1992)
Jason KLARSTROM, Appellant,
v.
STATE of Florida, Appellee.
No. 92-510.
District Court of Appeal of Florida, Fifth District.
December 18, 1992.
*103 James B. Gibson, Public Defender, and James T. Cook, Asst. Public Defender, Daytona Beach, for appellant.
No Appearance for appellee.
W. SHARP, Judge.
Klarstrom pled guilty to burglary of a dwelling and petit theft, grand theft, burglary of a dwelling, two counts of battery, and possession of a controlled substance in three criminal cases. He was given sentences within the recommended permitted ranges under the guidelines, pursuant to the state's promised recommendation. We affirm the judgments appealed in all regards except for the imposition of a public defender's lien.
The record in this case fails to show that a copy of the motion for attorney's fees was served on Klarstrom prior to the sentencing hearing, and there was no discussion of the fee amount or imposition of the lien at sentencing. Section 27.56(7), Florida Statutes, requires that a defendant, after adequate notice, shall have the opportunity to be heard and offer an objection to the determination of the value of the service of the public defender. It is error to impose this lien without affording the defendant advance notice of the motion prior to any hearing on the matter, and (as in this case) to impose this lien without any hearing at all. See, e.g., C.W. v. State, 598 So.2d 140 (Fla. 5th DCA 1992).
Accordingly we strike the imposition of the public defender lien without prejudice for the state to properly notice Klarstrom of a future hearing and to conduct one for such purposes. In all other regards, the judgments are affirmed.
AFFIRM; QUASH LIEN AND REMAND.
COBB and COWART, JJ., concur.