623 So.2d 627 (1993)
Willie Lee JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2541.
District Court of Appeal of Florida, Fifth District.
September 10, 1993.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Jones pled guilty to the charge of purchasing cocaine.[1] At his sentencing hearing, the court sentenced him to three years supervised probation, assessed him $400 for court costs, and a $400 public defender lien. The public defender objected on the grounds that Jones had received no prior notice of the assessment for the public defender, and that the public defender did not move for the assessment, pursuant to section 27.56(1)(a), Florida Statutes (1991). We strike imposition of the $400 public defender lien in this case.
The record fails to show that Jones was given prior notice (in advance of the sentencing hearing) of any intent to impose a lien, or the amount. Further, at the sentencing hearing, Jones was not advised that the trial court would allow him to challenge the amount of the lien within thirty days after the sentencing hearing. This latter procedure has been approved by the Florida Supreme Court in Bull v. State, 548 So.2d 1103 (Fla. 1989), pursuant to Florida Rule of Criminal Procedure 3.720(d)(1).
Since, in this case, Jones was not properly notified of the lien assessment and its amount prior to the sentencing hearing, and in addition, was not provided notice of thirty days in which to challenge the amount, *628 the lien must be stricken. See Bull; Klarstrom v. State, 610 So.2d 102 (Fla. 5th DCA 1992). We disagree with In the Interest of R.B., 582 So.2d 163 (Fla. 4th DCA 1991) that it is necessary for assessment of a public defender lien, that the public defender must file a motion seeking its imposition. See generally, Livingston v. State, 441 So.2d 1083 (Fla. 1983) ("In procedural matters, the criminal rules prevail over statutes which are contrary.").
The public defender's lien of $400 is stricken, without prejudice to reimpose it on remand, after compliance with Florida Rule of Criminal Procedure 3.720(d)(1).
AFFIRMED in part; Lien QUASHED; REMANDED.
HARRIS, C.J., and PETERSON, J., concur.
NOTES
[1] § 893.13(1)(a)1., Fla. Stat. (1991).