631 So.2d 1137 (1994)
William McDONALD, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0657.
District Court of Appeal of Florida, Fourth District.
February 16, 1994.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
Cory J. Ciklin of Palm Beach County, West Palm Beach, amicus curiae.
STEVENSON, Judge.
Appellant pled guilty to sale of cocaine and was sentenced to six months in the county jail. At the conclusion of the case, an assistant public defender filed a motion to assess costs and attorney's fees against appellant pursuant to section 27.56, Florida Statutes (1991). The trial court awarded an attorney's fee of $750, imposed $100 in court costs and ordered a $150 "donation" to the Drug Trust Fund (the court costs and donation were to be deducted from the attorney's fee). This appeal follows where appellant objects to the attorney's fee assessment and the mandatory donation of $150 to the drug fund. We affirm in part and reverse in part.
Section 27.56(1)(a), Florida Statutes, provides that the court may assess attorney's fees and costs against a defendant who has received the assistance of the public defender's office or of a special assistant public defender and states in part as follows:
Costs may include the cost of depositions; cost of transcripts of depositions, ... investigative costs; witness fees; the cost of psychiatric examinations; or other reasonable costs specially incurred by the county for the defense of the defendant in criminal prosecutions within the county.
However, properly assessable costs are restricted and the statute provides that:

Costs shall not include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law. (emphasis added)
Appellant argues that public defender salaries are a normal business expenditure for the public defender's office and therefore *1138 public defender's attorney's fees are exempt from assessment based on the "plain language of section 27.56". We reject this argument. The legislature in section 27.56(1)(a) specifically distinguishes the category "costs" and the category "attorney's fees". The legislature specified costs but not attorney's fees when it exempted "expenditures in connection with the maintenance and operation of government agencies." Therefore, we conclude that the limiting language in section 27.56(1)(a) does not foreclose assessment of attorney's fees against a defendant represented by the public defender.
Nevertheless, we must reverse the award of fees because the trial court failed to comply with section 27.56(7), Florida Statutes, which requires the court to hold a hearing to:
determine the value of the services of the public defender ... at which time the defendant-recipient or parent, after adequate notice thereof, shall have opportunity to be heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.
In In re R.B., 582 So.2d 163, 164 (Fla. 4th DCA 1991) this court suggested that the methodology of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) would satisfy this procedural requirement.
We also note that the basis for the trial court's imposition of the $150 donation to the Drug Trust Fund is not apparent from the record and will be stricken without prejudice to its proper reinstatement upon remand. As appellant correctly points out, if this is not a mandatory cost, appellant must be given adequate notice prior to its imposition. See State v. Beasley, 580 So.2d 139 (Fla. 1991).
Accordingly, we vacate the award of attorneys fees and remand for further proceedings.
HERSEY and POLEN, JJ., concur.