STEVENSON, Judge.
We affirm the assessment of public defender attorney’s fees against appellant pursuant to section 27.56(l)(a), Florida Statutes. See McDonald v. State, 631 So.2d 1137 (Fla. 4th DCA, 1994).
In addition to the issues raised by the appellant in McDonald, Valdez argues that the trial court erred in awarding attorney’s fees while denying his request for a hearing to prove his ability to pay.[1] We hold that a trial court is not required to find that the defendant has the ability to pay as a prerequisite to determining and awarding a reasonable attorney’s fee pursuant to section 27.-56(l)(a), Florida Statutes. It is only when the state, or county, seeks to enforce the collection of attorney’s fees that the court must determine if the defendant has the ability to pay. See State v. Beasley, 580 So.2d 139 (Fla.1991).
AFFIRMED.
HERSEY and POLEN, JJ. concur.

. On appeal Valdez argues that the trial court erred in not affording a hearing to determine the amount of fees and his ability to pay. However, at the proceedings below, trial counsel never objected to nor requested a hearing on, the amount awarded. Counsel only requested a hearing on ability to pay. The following discussion took place between the court and trial counsel:
The Court: I’ll assess five hundred dollars in attorney’s fees....
Mr. Seldin: Judge, I’d ask for a hearing for Mr. Valdez for the county to prove his ability to pay. The Court: Denied.