638 So.2d 602 (1994)
Billy MOUNTS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2778.
District Court of Appeal of Florida, Fourth District.
June 22, 1994.
Richard L. Jorandby, Public Defender, Robert Friedman and Margaret Good, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Carol Cobourn Asbury and Joan Fowler, Asst. Attys. Gen., West Palm Beach, for appellee.
STONE, Judge.
The sole issue before the court en banc is whether a trial court may sue sponte order a defendant to pay public defender attorney fees as a condition of probation. The state initially acknowledged error based on a statement in this court's opinion in In the Interest of R.B., 582 So.2d 163 (Fla. 4th DCA 1991). This concession of error has subsequently been withdrawn by supplemental briefing.
Appellant's counsel was a special public defender. Appellant was sentenced to a term of imprisonment followed by probation. As a special condition, the court ordered Appellant to pay attorney fees, leaving the amount to be subsequently determined.
In R.B., this court reversed an attorney's fee payment provision in a delinquency adjudication, indicating that section 27.56(1)(a), Florida Statutes, does not permit a trial court to address that issue sua sponte because the statute requires that the public defender move for the assessment of fees. We said:
We cannot avoid seeing that subsection (1)(a) expressly requires the public defender, not the trial judge, to file the motion for fees. There is no provision for the trial court to raise such a motion sue sponte, any more than there is in a civil proceeding where one party is allowed to recover fees from the other. While we recognize the ethical conflict facing a public defender who must at once represent his client in opposing such fees and at the same time be the proponent of their assessment, we cannot find textual approval for a procedure where the trial judge becomes both *603 the moving party and the official who makes the assessment.
582 So.2d at 164. In R.B., the issue addressed was whether there was notice and the opportunity for meaningful consideration. Here, it is undisputed that Appellant is entitled to notice and a hearing on the amount of the fee assessment.
We have considered the impact of section 27.56(1)(a) on the authority of a trial court to raise the issue of defendant's fees, absent a motion by counsel, and to enter orders accordingly at sentencing. The statute provides that the public defender, special assistant public defender, or private attorney representing such defendant "shall" move the court to assess fees at the sentencing hearing, "or at such stage of the proceedings as the court may deem appropriate." Nothing in the statute expressly precludes a trial court from implementing an assessment where appointed counsel fails to make the mandatory motion. We conclude that the statute, by providing that the public defender move to assess fees, does not preclude a trial court's sua sponte ordering payment of public defender fees, either as a condition of probation or in imposing a lien pursuant to the conditions of rule 3.720(d)(1), Florida Rules of Criminal Procedure.
Subsection (c) of the statute recognizes that courts may impose payment of public defender fees as a condition of probation. It is unlikely that the legislature intended to enable a defendant to interfere with the authority of a court to consider such a special condition simply by defense counsel's avoiding the subject.
In Bull v. State, 548 So.2d 1103 (Fla. 1989), the supreme court recognized that the court is obligated by section 27.56 to assess a lien for public defender fees against an indigent defendant as a matter of law. The requirements for further notice and the opportunity for hearing before imposition only concern the amount of such fees. Bull at 1104, 1105. See also Fla.R.Crim.P. 3.720. In Bull, the court determined that the trial court's imposition of a lien at sentencing, giving the defendant 30 days to object and seek a hearing, satisfied the notice requirement of rule 3.720, which provides:
As soon as practicable after the determination of guilt and after the examination of any presentence reports, the sentencing court shall order a sentencing hearing. At the hearing... .
(d)(1) If the accused was represented by a public defender or special assistant public defender, the court shall notify the accused of the imposition of a lien pursuant to section 27.56, Florida Statutes. The amount of the lien shall be given and a judgment entered in that amount against the accused. Notice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of sentence.
(2) If the accused requests a hearing to contest the amount of the lien, the court shall set a hearing date within 30 days of the date of sentencing.
Fla.R.Crim.P. 3.720. The rule was adopted for the purpose of implementing the statute. The Florida Bar, In re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980). The court, in Bull, also recognized that ability to pay is not an issue at the time of imposition.
In Jones v. State, 623 So.2d 627 (Fla. 5th DCA 1993), the court acknowledged conflict with R.B. In Jones, the court recognized that a motion by the public defender is not a prerequisite to a trial court imposing a lien for fees, provided there is notice and opportunity for hearing as to amount.
We recognize that public defenders may have concerns about their moving for the imposition of fees where payment may be made a condition of probation, although the public defender acknowledges that it has no such concern where the sole impact on the defendant is civil, as is the case with imposing a lien for the fee. See Bull v. State. Such concern is all the more reason to recognize the court's authority to sua sponte order payment of public defender fees in addition to costs as a probation condition. We can discern no reason for our imposing a more restrictive interpretation on the trial court's prerogative to require payment of such a fee as a condition of probation. Certainly public policy encourages trial courts to require defendants to pay costs and fees whenever they have authority to do so. Nor is there, as *604 alleged, any conflict of interest in the public defender's continuing representation of Appellant. Bull, 548 So.2d at 1105.
Therefore, we decline to follow that portion of the R.B. opinion to the extent that it precludes a trial court from directing, sua sponte, that public defender fees be paid by a defendant, either as an imposed lien or as a special condition of probation.
The sentence is affirmed. However, we remand for further proceedings so that Appellant will be given an opportunity within 30 days to contest the amount of the assessment.
DELL, C.J., and ANSTEAD, HERSEY, GLICKSTEIN, GUNTHER, WARNER, POLEN, FARMER, KLEIN, PARIENTE and STEVENSON, JJ., concur.