COBB, Judge.
The appellant, Dukes, was charged with delivery of cocaine and possession of cocaine. Because of a conflict of interest, the public defender was allowed to withdraw and a private attorney was appointed for Dukes. A written plea agreement was entered which provided that Dukes would enter a nolo plea to the delivery charge and the state would dismiss the possession charge. The agreement specified that costs could be assessed up to a maximum of $500.00. A guideline sentence was imposed, and Dukes was assessed court costs of $625.00 plus a contract attorney fee of $600.00 was ordered.
On appeal, Dukes contends that she was the victim of four sentencing errors:
1. She was not given notice and an opportunity to be heard in respect to the $600.00 attorney fee as required by section 27.56(7), Florida Statutes and Klarstrom v. State, 610 So.2d 102 (Fla. 5th DCA 1992).
*141 2. The state attorney failed to demonstrate the amount of the cost of prosecution’ as required by section 939.01(6), Florida Statutes, hence the cost assessment should merely have been the automatic $200.00 prescribed by section 27.3455(1), Florida Statutes, rather than $625.00.
3. The trial court did not consider the financial resources of the defendant prior to the assessment of costs as required by section 939.01(5), Florida Statutes and Smith v. State, 543 So.2d 348 (Fla. 5th DCA 1989).
4. The plea agreement expressly limited costs to $500.00 and the trial court exceeded that amount without affording Dukes the opportunity to withdraw her plea.
In response to these points, the state acknowledges that no notice of the $600.00 contract attorney’s lien was afforded Dukes prior to sentencing, but notes that Dukes did not object to imposition of the lien at the time of sentencing. We find that contemporaneous objection was not required based upon Shipley v. State, 528 So.2d 902 (Fla.1988). Therefore, the attorney fee award must be quashed and the issue remanded to the trial court in accordance with our opinion in Klarstrom.
In regard to the cost assessment (Points 2, 3 and 4 above), the state’s position is that the record reveals the bases of the cost items and the trial court was free to award statutorily mandated costs without notice since all citizens are on constructive notice as to such costs via publication of the Laws of Florida. See State v. Beasley, 580 So.2d 139, 142 (Fla.1991). The state also contends that, pursuant to Beasley, it is unnecessary for the trial court to consider the financial resources of a defendant prior to assessment, as opposed to collection, of costs. The state does not respond to the defendant’s argument in regard to the agreement of the parties restricting imposition of costs to a $500.00 limit.
We agree with the state that the record adequately demonstrates the amount of the costs of prosecution utilized by the trial court. As to point three, in respect to costs other than those statutorily mandated (Beasley dealt only with statutorily mandated costs), the applicable statutes and case law require the trial court to consider the financial resources of the defendant prior to determining whether to order costs and the amount of such costs, but the burden of demonstrating the financial resources and needs of the defendant is on the defendant. §§ 939.01(5), (6), Fla.Stat. (1993); Kirkland v. State, 629 So.2d 1057 (Fla. 5th DCA 1993); Butts v. State, 575 So.2d 1379 (Fla. 5th DCA 1991); Leach v. State, 602 So.2d 697 (Fla. 4th DCA 1992). Compare §§ 775.089(6), (7). Based on the record before us, it is clear that Dukes failed to meet her statutory burden below pursuant to section 939.01(6). We find that the appellant’s reliance on Smith v. State is misplaced because that case did not deal with the burden of proof.
Accordingly, the attorney’s fee award is vacated and remanded for reconsideration. Upon remand, costs should be reduced to the amount of $500.00 pursuant to the agreement of the parties.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HARRIS, C.J., and DAUKSCH, J., concur.