PER CURIAM.
Gregory Graham appeals his judgment and sentence, including an order of probation assessing a public defender’s fee and the costs of prosecution. We affirm Graham’s judgment and sentence, including the assessment of the public defender’s fee. We reverse the assessment of the costs of prosecution and remand for further proceedings.
Graham argues that the trial court erred in assessing the public defender’s fee and the costs of prosecution because the public defender and the State did not make the statutorily required motions for compensation and did not evaluate Graham’s ability to pay.
We affirm the trial court’s sua sponte assessment of $105.00 in public defender fees based on our recent decision in Mounts v. State, 638 So.2d 602 (Fla. 4th DCA 1994) (en banc). However, we remand so the trial court can give Graham an opportunity within 30 days to contest the amount of the assessment. Mounts, 638 So.2d at 603-604 (citing Fla.R.Crim.P. 3.720 and Bull v. State, 548 So.2d 1103 (Fla.1989)).
When a trial court imposes a judgment for costs of prosecution pursuant to section 939.01(1), Florida Statutes (1991), the state attorney must demonstrate the amount spent on prosecuting the defendant and the trial court must consider the defendant’s financial resources. Smith v. State, 543 So.2d 348 (Fla. 5th DCA 1989); § 939.01(5) & (6), Fla.Stat. (1991). The trial court erred in ordering Graham to pay $200.00 in prosecution costs without considering the State’s costs of prosecution or Graham’s ability to pay. Accordingly, we reverse the trial court’s assessment of costs of prosecution and remand with directions to consider the State’s actual costs and Graham’s financial capabilities.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GLICKSTEIN, GUNTHER and STEVENSON, JJ., concur.