PER CURIAM.
This is an appeal from a conviction for possession of cocaine (Count I) and possession of paraphernalia (Count II), from the scoring for the sentence imposed as to Count I and from the assessment of a special public defender fee. We affirm the conviction and sentence for possession of cocaine, reverse the conviction and sentence for possession of paraphernalia with direction to vacate same, and reverse the special public defender fee with remand for a noticed hearing.
As to the charge of possessing paraphernalia, the trial court improperly denied appellant’s motion for judgment of acquittal as the state failed to make a prima facie case. See Wallace v. State, 553 So.2d 777 (Fla. 4th DCA 1989).
With respect to the public defender fee, the same may not be imposed without notice and the opportunity for meaningful consideration. Cathcart v. State, 643 So.2d 702, 703 (Fla. 4th DCA 1994), rev. denied, 651 So.2d 1192 (Fla.1995); Mounts v. State, 638 So.2d 602 (Fla. 4th DCA 1994). In this ease, the sentencing hearing transcript does not reflect that the trial court gave appellant notice of the right to contest the amount of the lien.
*239 On remand, the trial court should not reduce the public defender fee amount by the amount of court costs imposed pursuant to section 27.3455(1), Florida Statutes (1993). Section 27.56(l)(a), Florida Statutes (1993), provides in pertinent part: “Any cost assessed pursuant to this paragraph shall be reduced by any amount assessed against a defendant pursuant to s. 27.3455.” The legislature has specifically distinguished “attorney’s fees” and “costs.” See McDonald v. State, 631 So.2d 1137 (Fla. 4th DCA 1994); Grate v. State, 623 So.2d 591, 593 (Fla. 5th DCA 1993).
GLICKSTEIN, KLEIN and STEVENSON, JJ., concur.