PER CURIAM.
The appellant, Rudolph Hayes, challenges the trial court’s judgment and sentence. Although we affirm the conviction, we strike the imposition of certain costs.
The appellant was charged with possession of cocaine and possession of a short-barreled shotgun in violation of sections 893.13(6)(a) and 790.221, Florida Statutes (1993). Pursuant to a plea agreement, the appellant pled no contest to the possession of cocaine charge in return for a sentence of probation and he agreed to the entry of a notice of nolle prosequi for the possession of a short-barreled shotgun charge. The appellant also specifically reserved his right to challenge the trial court’s denial of the motion to suppress he filed as a result of evidence which was seized pursuant to the execution of a search warrant. The trial court subsequently withheld adjudication of guilt to the possession of cocaine charge and ordered him to serve eighteen months probation and to pay various costs. This timely appeal followed.
We find no merit in the appellant’s contention that the trial court erred in denying his motion to suppress and, accordingly, affirm his conviction. We do, however, find that the trial court erred in imposing certain costs.
We strike the trial court’s imposition of the $500 public defender’s lien and the $100 attorney cost since the appellant was not advised at sentencing of his right to contest those assessments. See Pope v. State, 598 So.2d 309 (Fla. 2d DCA 1992). See also Jones v. State, 623 So.2d 627 (Fla. 5th DCA 1993). The assessment for prosecution/investigative costs is also stricken since it was not requested by the state and the trial court did not consider the appellant’s financial resources. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). We strike the assessment to the Hillsborough *603 County Court Improvement Fund since this cost is not authorized under any existing statute as either a fine or cost. Reyes, 655 So.2d at 120. Further, the $265 in “Court Costs” which were imposed in the order of probation are stricken since there was no reference to any statutory authority. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
Accordingly, we affirm the conviction but strike those costs mentioned above.
Affirmed as modified.
THREADGILL, C.J., and RYDER and SCHOONOVER, JJ., concur.