682 So.2d 1137 (1996)
Carlo GANT, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00779.
District Court of Appeal of Florida, Second District.
October 9, 1996.
Rehearing Denied November 14, 1996.
*1138 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Carlo Gant, pled no contest to armed robbery and three counts of aggravated assault, reserving the right to appeal the denial of his motion to suppress. We affirm the denial of the motion to suppress and appellant's conviction and sentence. We find error, however, in the imposition of certain special conditions of probation, costs and fees and remand for further proceedings.
Appellant contends that the following conditions of probation must be stricken because they were not orally pronounced at sentencing: "3. You will not possess, carry or own any weapons, firearms, or destructive devices.... 8. You will submit to and pay for random testing as directed by the supervising officer or professional staff of the treatment center where you are receiving treatment to determine the presence of alcohol or controlled substances."
We affirm the imposition of condition three since it is a general condition contained in the form probation order set forth in Florida Rule of Criminal Procedure 3.986(e), of which appellant had constructive notice prior to sentencing. State v. Hart, 668 So.2d 589 (Fla.1996). The state concedes that the portion of probation condition eight which requires appellant to pay for random drug testing is a special condition of probation that must be orally pronounced at sentencing. Because it was not orally pronounced in this case, it is stricken. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994); Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
Appellant also challenges the imposition of $288 in court costs and a $2 cost imposed pursuant to section 943.25(13), Florida Statutes (1995). These costs are discretionary costs which must be individually announced in a manner sufficient for the defendant to know the legal basis for the cost imposed. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). Because these costs were not individually announced at sentencing, we strike these costs without prejudice to the state to seek reimposition upon proper notice.
Finally, appellant challenges the $1,000 in attorney's fees assessed against him. Even though appellant was advised prior to entering his plea that he would be responsible for reasonable attorney's fees, he was not advised at the sentencing hearing that he could challenge the amount of the assessment within thirty days. See Hayes v. State, 21 Fla. L. Weekly D1008, ___ So.2d ___ [1996 WL 180206] (Fla. 2d DCA Apr. 10, 1996); Bull v. State, 548 So.2d 1103 (Fla. 1989); Jones v. State, 623 So.2d 627 (Fla. 5th DCA 1993). We, therefore, strike the $1,000 in attorney's fees without prejudice to reimpose it on remand.
SCHOONOVER and LAZZARA, JJ., concur.