WARNER, Judge.
We reverse appellant’s sentences of 29.85 months in prison followed by five years of probation for the third degree felonies of which he was convicted, as the sentences imposed exceed the statutory five year maximum for those crimes. See §§ 775.082(3)(d), 812.014(2)(c), Fla. Stat. (1995). We remand for resentencing on those crimes for a sentence not to exceed the statutory maximum.
We also reverse the imposition of a $4,200 public defender fee against the appellant. Appellant was indigent, and private counsel was appointed to represent him. When counsel was appointed, the court entered an order which stated that the attorney would be compensated at the contract rate provided in the contract between the attorney and the county. Appellant’s attorney requested $600 per case, and because there were seven separate cases, the court assessed a $4,200 fee. Appellant objected to the fee as being unreasonable.
Section 27.56(7), Florida Statutes (1995), provides that the court may determine the value of services of the public defender or appointed private legal counsel and order the defendant to pay them. In McDonald v. State, 631 So.2d 1137, 1138 (Fla. 4th DCA 1994), we pointed out that “the methodology of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), would satisfy this procedural requirement.”
In this case, by accepting the $600 per case contract billing, the trial court did not consider the value of services provided by appellant’s appointed attorney. Appellant pled no contest and agreed to the sentences imposed. The value of his attorney’s services for negotiating the plea agreement on the combined cases may have been considerably less than the amount awarded. We therefore reverse and remand for a hearing to determine the value of the services provided by the appointed attorney.
STONE and POLEN, JJ., concur.