LEVINE, J.
The issue presented is whether the trial court erred in failing to specifically allocate the costs of prosecution, where appellant was charged with two offenses, the trial court entered a judgment of acquittal as to one count, and appellant was convicted of a lesser-included misdemeanor for the charged felony. We And the trial court erred and should have enumerated the costs of prosecution related to the crime for which appellant was convicted. We reverse the orders of the trial court.
*1157 Appellant was charged with manslaughter by impairment and manslaughter based on unlawful blood alcohol level. The trial court entered a judgment of acquittal on manslaughter by impairment. As to manslaughter based on unlawful blood alcohol level, the jury found appellant guilty of the lesser-included offense of misdemeanor driving under the influence.
The state moved to tax the sum of $28,162 as costs of prosecution, which included $16,497 as costs for expert witness fees, transcripts, exhibits, travel expenses, and other costs for trial preparation. These costs also included fees associated with expert witnesses Dr. Mark Montgomery and Marla Carroll, a forensic video expert. The state also moved to tax costs of $12,860 for the testimony of toxicology experts Dr. Harold Schueler and Michael Wagner.
The trial court held a hearing to determine if the state was entitled to the costs of prosecution and the fees for the toxicology experts. At the hearing, appellant contested the charges and maintained that there should be allocation of costs, since appellant, although charged with manslaughter by impairment and manslaughter based on unlawful blood alcohol level, was convicted only of a lesser-included misdemeanor. The trial court determined that appellant was responsible to pay the entire cost of $12,360 for the toxicologist experts and a flat $15,000 out of the requested $28,162 for the other costs of prosecution. Responding to whether it was “differentiating between the fact that it was ... a misdemeanor that was returned as opposed to a felony,” the trial court stated the following in its ruling:
That’s why I’m going to be intentionally vague. I am reducing it based on all the arguments I’ve heard, what I feel is some overlapping, what I feel is — I don’t know that anybody’s going to be happy with what I do but that’s happened before, I’m sure it will happen again. But for the record, I mean, it’s hard for a judge to sit here and dissect this. I mean, obviously, the Defense feels that it should be a small fraction of what it is based on what we would normally expect in a DUI case alone by the party, the Defendant. But in this particular case that’s just not the way it was, you had experts, she had to respond to them, she had to meet with them, take the depositions, things of that nature.
But having said that, as to Dr. Schueler I’m giving the entire amount $12,360. As for the remaining costs, I’m going to give you one number; $15,000; $12,360 for Dr. Schueler and $15,000.
Appellant appeals the trial court’s order assessing costs of prosecution and the order assessing expert witness costs.
We review the trial court’s orders assessing costs under an abuse of discretion standard. Davis v. State, 42 So.3d 807, 809 (Fla. 1st DCA 2010). Further, we review “[questions of statutory interpretation” de novo. Allen v. State, 82 So.3d 118,120 (Fla. 4th DCA 2012).
We initially begin by reviewing the pertinent statute. According to section 938.27(1), Florida Statutes (2010), “convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies.” The statute states further that the “court shall include these costs in every judgment rendered against the convicted person.” § 938.27(1), Fla. Stat. (2010) “[CJonvicted” for purposes of this statute means “a determination of guilt ... which is a result of a plea, trial, or violation proceeding.” Id. Finally, any dispute as to the proper amount or type of costs to be paid shall be resolved by the trial court by *1158 the preponderance of the evidence. § 988.27(4), Fla. Stat. (2010).
While “the trial court has broad discretion to determine the amount and type of costs of prosecution to be assessed against a convicted person,” the design of the statute relied upon by the trial court is “to compensate the state for the expenses of prosecution associated with individual violations.” Davis, 42 So.3d at 809-10. Clearly, a defendant who is acquitted or discharged is not liable for any costs or fees of the court or any ministerial office. § 989.06, Fla. Stat. (2010). In the present case, appellant was discharged from one offense and convicted of a lesser-included misdemeanor for the charged felony. Thus, the trial court has the discretion to assess costs associated with the crimes for which appellant received a “determination of guilt.”
We are persuaded by the reasoning of United States v. Palmer, 809 F.2d 1504 (11th Cir.1987), where the defendant was indicted on three counts of willfully and knowingly attempting to evade the payment of income taxes. At trial, on each count, the defendant was found guilty of the lesser-included offense of willful failure to file a federal income tax return. The government submitted a bill for $57,950. The defendant objected, arguing that some of the requested costs were relevant only to proving the allegations of tax evasion. Although the government conceded that some of the costs associated with certain witnesses should be deducted from the requested costs, the defendant continued to object, claiming that much of the government’s case still went to the allegations of evasion.
The Eleventh Circuit concluded that “a defendant convicted on fewer than all the counts- of an indictment cannot be properly taxed with the costs of the counts on which he was a[c]quitted or otherwise discharged.” Id. at 1508-09. The appellate court determined that it could not resolve the factual disputes as to which evidence related to the evasion charges, as opposed to which evidence related to the failure to file charges. The Eleventh Circuit remanded in order for the trial court to receive evidence which would demonstrate that “the cost incurred in presenting such evidence [was] reasonable and necessary to the proof of the ... offense.” Id, at 1509. In the present case, the trial court must find that the costs incurred by the state and paid by appellant are “reasonable and necessary to the proof’ of the crime for which appellant was convicted, misdemeanor driving under the influence. See also People v. Palomo, 272 P.3d 1106, 1113 (Colo.App.2011) (holding that “[o]n remand, the trial court may assess only those costs that are related to the prosecution of the eluding counts of which defendant was convicted, to the extent an allocation is practicable”); Commonwealth v. Smith, 239 Pa.Super. 440, 361 A.2d 881, 881-84 (1976) (remanding for the trial court “to determine what portion of the costs, if any were necessary to try [the defendant] only on those charges which resulted in acquittal” where the defendant was convicted of a misdemeanor charge of firearm possession but acquitted of a felony charge of murder).
In summary, the trial court must determine that the costs sought by the state were reasonably and necessarily related to the prosecution of the crime for which appellant was convicted. The trial court may not, like in the present case, be “intentionally vague” as to whether the costs requested were reasonably and necessarily related to the prosecution of the crime of driving under the influence.
We reverse the trial court’s orders relating to costs of prosecution and expert tes *1159 timony costs, and remand for a determination consistent with this opinion.

Reversed and remanded for further proceedings.

GROSS and TAYLOR, JJ., concur.