# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT
### *July Term 2014*

**DANIEL J. DIODATO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-848

[November 5, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 432011CF001123A.

Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The imposition of the State's investigative costs are challenged by the defendant in his appeal from a conviction and sentence for battery, assault, and deriving support from the proceeds of prostitution. He argues the trial court erred in assessing the cost of DNA and firearms testing when he was acquitted of the crimes as charged.[1] We disagree and affirm. We write due to the scarcity of case law on the issue.

The State charged the defendant by amended information with aggravated battery with a firearm, aggravated assault with a firearm, and deriving support from the proceeds of prostitution.

The charges arose during an unsuccessful romantic encounter in a trailer. An argument ensued between the first male victim and the woman. When he asked for half his money back, he was threatened with a shotgun by the woman's husband, the defendant. Victim one hurriedly got into his

---

[1] We find no merit in the jury selection issue raised.

car and left. When the second male victim attempted to leave, a fight ensued, and he was shot by the defendant.

The jury found the defendant guilty of the lesser-included offenses of assault on victim one, battery on victim two, and deriving support from the proceeds of prostitution. Over the defendant's objection, the trial court assessed $9,000 for DNA testing and $780 for firearms testing. The defendant argued he did not threaten victim one with a shotgun, which accounted for the jury's verdict. The State could not account for the jury's verdict because victim one testified that the defendant threatened him with the shotgun and victim two testified that the defendant actually shot him.

We review orders assessing costs for an abuse of discretion. *Leyritz v. State*, 93 So. 3d 1156, 1157 (Fla. 4th DCA 2012).

On appeal, the defendant continues to argue the trial court erred in assessing costs for DNA and firearms testing when he was acquitted of the charged crimes involving the firearm and found guilty of the lesser-included offenses without the firearm. He relies on *Leyritz* to support his position. The State responds that *Leyritz* actually supports the court's imposition of costs.

Section 938.27(1), Florida Statutes, states, in part:

> In all criminal . . . cases, convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies, . . . if requested by such agencies. The court shall include these costs in every judgment rendered against the convicted person. . . . "[C]onvicted" means a determination of guilt, . . . which is a result of . . . trial, . . . regardless of whether adjudication is withheld.

§ 938.27(1), Fla. Stat. (2013).

In *Leyritz*, the state charged the defendant with manslaughter by impairment and manslaughter based on unlawful blood alcohol level. The trial court entered a judgment of acquittal on the former and the "jury found the [defendant] guilty of the lesser-included offense of misdemeanor driving under the influence" on the latter. *Leyritz*, 93 So. 3d at 1157. The state moved to tax $28,162 as costs of prosecution and $12,360 for two toxicology experts. *Id.*

2

The defendant challenged the costs imposed and asked the court to allocate them to the crimes for which he had been convicted. *Id.* The trial court assessed all $12,360 from the toxicology experts and $15,000 of the $28,162 in costs of prosecution. *Id.* Significantly, the trial court remarked that it was "going to be intentionally vague," and did not determine which costs were associated with which crime. *Id.*

We held that the statute was designed "'to compensate the state for the expenses of prosecution associated with individual violations.'" *Id.* at 1158 (quoting *Davis v. State*, 42 So. 3d 807, 809–10 (Fla. 1st DCA 2010)). "[A] defendant who is acquitted or discharged is not liable for any costs or fees of the court or any ministerial office." *Id.* (citing § 939.06, Fla. Stat. (2010)).

The trial court has discretion to assess costs for the crimes for which the defendant is convicted. *Id.* The trial court cannot be intentionally vague. All that is required is for "the trial court [to] determine that the costs sought by the state were reasonably and necessarily related to the prosecution of the crime for which appellant was convicted." *Id.* We reversed and remanded the case for that purpose. *Id.*

Here, the State charged the defendant with aggravated battery, aggravated assault, and deriving support from proceeds of prostitution. The jury found the defendant guilty of the lesser-included offenses of simple battery and assault, and the charged offense of deriving support from proceeds of prostitution. The DNA testing was done to determine blood splatter and the involvement of each of the persons at the crime scene. This is certainly reasonably and necessarily related to the prosecution of both the assault and the battery.

The firearms testing was also reasonably and necessarily related to the battery. There was testimony that the shotgun was "fake." Even though the jury found the defendant guilty of the lesser-included charge of battery, there is no doubt that victim two was shot. Defense counsel admitted as much in closing, but argued the defendant was justified in shooting victim two.

The trial court need not articulate specific findings in support of a cost assessment when the record reflects that the costs are reasonable and necessary for the crimes for which the defendant is convicted. When a defendant is acquitted of charged crimes and the costs are not reasonably and necessarily related to the crimes for which the defendant is convicted, then the court must allocate those costs to the convictions. Here, the court indicated that the jury verdict made it clear and the record reflects the

costs imposed were reasonably and necessarily related to the prosecution of the crimes for which the defendant was convicted. We therefore affirm.

*Affirmed.*

WARNER and CONNER, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***