NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PETER THOMAS BYRA,
DOC #948219,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

Case No. 2D18-1297

Opinion filed April 10, 2019.

Appeal from the Circuit Court for Polk
County, Keith P. Spoto, Judge.

Howard L. Dimmig, II, Public Defender, and
Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.

BADALAMENTI, Judge.

        Peter Byra pleaded no contest to felony battery and was sentenced to a thirty-six-month term of probation. He appeals the trial court's revocation order and the resulting sentence of three years' imprisonment. We write only to address a duplicative judgment entered by the trial court. After careful review, we remand with instructions for

the trial court to vacate the March 12, 2018, duplicative judgment of guilt, which improperly adjudicated Byra guilty a second time for the underlying felony battery conviction. We affirm the revocation order and resulting sentence without comment.

"If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, <u>unless he or she has previously been adjudged guilty</u>. . . ." § 948.06(2)(b), Fla. Stat. (2017) (emphasis added). Here, on April 6, 2016, the trial court entered a written judgment adjudicating Byra guilty of the underlying offense, felony battery. The probation office subsequently filed an affidavit of violation of probation, alleging that Byra violated particular terms of his probation. After a hearing, the trial court revoked Byra's probation and sentenced him to thirty-six months' incarceration.

Byra's sentence after revocation was memorialized in a written judgment and sentence rendered on March 12, 2018. The first page of this six-page order contains a duplicative judgment of guilt for the same underlying felony battery offense for which the court had previously adjudicated Byra guilty on April 6, 2016. This duplicative judgment of guilt for the underlying felony battery offense was unauthorized. <u>See</u> <u>Butler v. State</u>, 195 So. 3d 1147, 1148 (Fla. 2d DCA 2016) ("Duplicative adjudications of guilt after revocation of probation or community control are superfluous, are unauthorized, and can cause undue confusion in future proceedings."). Thus, we remand with instructions for the trial court to vacate the March 12, 2018, unauthorized judgment of guilt for the underlying felony battery conviction because the trial court had already adjudicated him guilty of the underlying offense on April 6, 2016. <u>See</u> <u>Schaufler</u>

v. State, 255 So. 3d 929, 929 (Fla. 2d DCA 2018); West v. State, 232 So. 3d 522, 523 (Fla. 2d DCA 2017).  We affirm the revocation order and the corresponding sentence.

Affirmed; remanded with instructions.

KHOUZAM and BLACK, JJ., Concur.