DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SEAN MICHAEL GUADAGNO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1318

[February 26, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562013CF003565A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti III, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant challenges the trial court's imposition of prosecution costs that were $100 above the statutory minimum without a request from the state or evidentiary support. We reverse and remand for the trial court to impose the mandatory $100 fee, or additional costs if sufficient findings are made. We affirm the remaining issues raised by appellant without further comment.

After revoking appellant's probation, the trial court imposed prosecution costs of $200. Appellant moved to correct the court's order on prosecution costs on the grounds that the costs exceeded the statutory minimum and were imposed without notice or record evidence. The trial court denied appellant's motion. On appeal, the state concedes that the prosecution costs were assessed in error, but argues that the issue may be remanded for the trial court to assess appropriate costs. We agree.

This court reviews a motion to correct a sentencing error de novo. *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016). "In all criminal

and violation-of-probation or community-control cases, convicted persons are liable for payment of the costs of prosecution . . . ." § 938.27(1), Fla. Stat. With respect to prosecution costs:

> Costs for the state attorney must be set in all cases at . . . no less than $100 per case when a felony offense is charged, including a proceeding in which the underlying offense is a violation of probation or community control. The court may set a higher amount upon a showing of sufficient proof of higher costs incurred.

§ 938.27(8), Fla. Stat. "When a trial court imposes a judgment for costs of prosecution pursuant to section 939.01(1), Florida Statutes (1991) [renumbered section 938.27], the state attorney must demonstrate the amount spent on prosecuting the defendant and the trial court must consider the defendant's financial resources." *Graham v. State*, 640 So. 2d 1166, 1167 (Fla. 4th DCA 1994).

As the instant appeal involved a felony charge, the trial court was required by statute to impose a minimum of $100 for the cost of prosecution. The state concedes that imposing $200—$100 above the statutory minimum—was done without notice or record support. On remand, however, the state may still impose prosecution costs exceeding $100 with proper support. *See Desrosiers v. State of Florida*, 286 Dp/ 3d 297 (Fla. 4th DCA 2019) (holding that "[o]n remand, the trial court must impose the mandatory $100.00 fee in prosecution costs . . ." and "may impose further costs if it makes appropriate factual findings to support the imposition of those costs").

We therefore reverse the prosecution costs and remand for the trial court to impose $100 in accordance with statute, or to impose additional costs if sufficient findings are made.

*Affirmed in part, reversed in part, and remanded with instructions.*

LEVINE, C.J., GROSS and DAMOORGIAN, JJ., concur.

*             *             *

**Not final until disposition of timely filed motion for rehearing.**