DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTAL E. SCOFIELD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-1678

[April 21, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case No. 312017CF001303A.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Christal E. Scofield raises three issues on appeal. We affirm in part and reverse in part.

First, Scofield alleges the circuit court improperly considered her financial status at sentencing. On this issue, our review of the record indicates otherwise, and we affirm without further discussion.

Second, Scofield argues the circuit court erroneously entered a duplicative judgment for the same offense after revoking her probation. Scofield relies on section 948.06(2)(b), Florida Statutes (2020):

> (b) If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, *unless he or she has previously been adjudged guilty*, and impose any sentence which it might have originally imposed before placing the

probationer on probation or the offender into community control.

§ 948.06(2)(b) (emphasis added). The State properly concedes error on this issue. When the court enters a duplicative judgment, the duplicative judgment must be vacated. *See Byra v. State*, 268 So. 3d 207, 207-08 (Fla. 2d DCA 2019). So we reverse in part and remand with instructions to vacate the duplicative judgment.

Third, Scofield contends the circuit court improperly imposed a $200 fee for the cost of prosecution when the evidence only supported a $100 fee. Again, the State concedes error. By law, "[c]osts for the state attorney must be set in all cases at . . . no less than $100 per case when a felony offense is charged," but "[t]he court may set a higher amount upon a showing of sufficient proof of higher costs incurred." § 938.27(8), Fla. Stat. (2020). To set a higher amount, "the state attorney must demonstrate the amount spent on prosecuting the defendant and the trial court must consider the defendant's financial resources." *Guadagno v. State*, 291 So. 3d 962, 963 (Fla. 4th DCA 2020) (quoting *Graham v. State*, 640 So. 2d 1166, 1167 (Fla. 4th DCA 1994)).

Here, the circuit court imposed the $200 fee without record evidence to support it. *See, e.g., Bevans v. State*, 291 So. 3d 591, 594 (Fla. 4th DCA 2020). On remand, the circuit court must impose a $100 fee unless it makes sufficient findings to support the additional costs. *See, e.g., Guadagno*, 291 So. 3d at 963.

In conclusion, we affirm in part and reverse in part. On remand, the circuit court must vacate the duplicative judgment and impose a $100 fee unless sufficient findings are made to support additional costs.

*Affirmed in part and reversed in part.*

GERBER and FORST, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***