DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROYTEZ LEONARD TAYLOR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-3277

[December 7, 2022]

Appeal from the County Court for the Nineteenth Judicial Circuit, St. Lucie County; Kathryn Nelson, Judge; L.T. Case No. 562021MM001437A.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for battery. He argues the trial court erred in admitting certain photographs of the victim's injuries, in failing to conduct an adequate *Richardson*[1] hearing, and in denying the defendant's Rule 3.800(b) motion. We affirm in part and reverse in part. We find no error in the admission of the photographs or in the court's handling of the *Richardson* hearing. We reverse only on the denial of his Rule 3.800(b) motion.

A jury found the defendant guilty of misdemeanor battery. The trial court sentenced the defendant to a year in county jail. The State requested "a one-hundred dollar cost of prosecution and to reserve as to any additional costs." Specifically, the State indicated it had enlisted the assistance of an investigator and would be requesting an additional cost of prosecution.

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

The trial court asked the defendant if he wanted to be heard on the $100 prosecution cost or have a hearing on that cost. The defendant replied "no." The trial court imposed four costs: a $500 public defender fee, a $100 prosecution cost, a $455.34 additional prosecution cost, and a $25 investigation cost. Regarding the $100 and $455.34 prosecution costs, the trial court stated:

> You will be required to pay all the statutory costs which will include the $100.00 cost of prosecution. I will reserve as to any other amount. If there's any further amount that the State would like to request, that you set up a hearing. The cost of investigation to the Port Saint Lucie Police Department.

The defendant then filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion challenging the four additional costs imposed. Because the trial court did not rule on the motion within sixty days, it is deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

We review a trial court's order assessing costs for an abuse of discretion. *Leyritz v. State*, 93 So. 3d 1156, 1157 (Fla. 4th DCA 2012). "This court reviews a motion to correct a sentencing error de novo." *Guadagno v. State*, 291 So. 3d 962, 962 (Fla. 4th DCA 2020) (citing *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016)). "Imposing costs of prosecution involves a question of statutory interpretation, which is reviewed de novo." *Bevans v. State*, 291 So. 3d 591, 593 (Fla. 4th DCA 2020).

## I. *The Public Defender Fee*

The minimum public defender fee is $50. § 938.29(1), Fla. Stat. (2021). This fee may be increased only "upon a showing of sufficient proof of higher fees or costs incurred." § 938.29(1)(a), Fla. Stat. (2021). And if the trial court imposes a higher public defender fee than the statutory minimum, the court must inform the defendant that he has a right to contest the fee at a hearing. *Alexis v. State*, 211 So. 3d 81, 83 (Fla. 4th DCA 2017).

Here, the State agrees the trial court erred in imposing a $500 public defender fee. No evidence or factual findings supported the higher amount. The trial court indicated it thought the public defender fee was $500, but the defendant neither affirmatively agreed to this amount nor did the public defender's office provide any evidence supporting the higher fee.

We therefore reverse the trial court's denial of the defendant's Rule 3.800(b) motion on this issue and remand the case to the trial court to assess the correct public defender fee.

## II.  Prosecution Costs

The minimum prosecution cost in misdemeanor cases is $50.  § 938.27(8), Fla. Stat. (2021).  A trial court "may set a higher amount upon a showing of sufficient proof of higher costs incurred."  *Id.*  To set a higher amount, "the state attorney must demonstrate the amount spent on prosecuting the defendant and the trial court must consider the defendant's financial resources."  *Guadagno*, 291 So. 3d at 963 (quoting *Graham v. State*, 640 So. 2d 1166, 1167 (Fla. 4th DCA 1994)).

When a trial court imposes a prosecution cost above the statutory minimum, but sufficient proof is not shown, the cost is stricken.  *See Bevans*, 291 So. 3d at 594.  A challenge to the sufficiency of the prosecution cost may be preserved in a Rule 3.800(b) motion.  *See Bankston v. State*, 338 So. 3d 252, 256 (Fla. 4th DCA 2021).

Because no record evidence supports the $100 prosecution cost, we reverse the trial court's denial of the Rule 3.800(b) motion on this issue and remand the case to the trial court to assess the proper prosecution cost.  *See, e.g., Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019) (reversing trial court's denial of motion to correct sentencing error and remanding for factual findings to support the imposition of costs above the statutory minimums).

No double jeopardy violation occurs where a defendant does not have a legitimate expectation of finality in the sentence.  *Dunbar v. State*, 89 So. 3d 901, 905 (Fla. 2012).  Here, the defendant had no legitimate expectation of finality in the imposition of the prosecution cost because the trial court expressly reserved the ability to assess the additional cost.  Therefore, no double jeopardy violation occurred.  We affirm on this issue.

## III.  Investigation Costs

"The burden of demonstrating the amount of [investigation] costs incurred is on the state attorney."  § 938.27(4), Fla. Stat. (2021).  Where the State does not introduce competent substantial evidence to meet its burden, Florida courts have routinely struck the cost of investigation.  *See, e.g., Negron v. State*, 266 So. 3d 1266, 1267 (Fla. 5th DCA 2019).

Furthermore, section 938.27(1), Florida Statutes (2021), provides a defendant must pay investigation costs only if the agency that incurs that cost requests it. Prosecutors are not authorized to request costs on behalf of an agency without that agency's request. *See Lippwe v. State*, 152 So. 3d 782, 783 (Fla. 1st DCA 2014) ("We also point out that 'investigative fees' that are not 'costs for the state attorney' . . . must be requested on the record by the appropriate agency."). But investigation costs "need not be supported by evidence if the defendant affirmatively agrees to pay the requested amount." *Icon v. State*, 322 So. 3d 117, 119 (Fla. 4th DCA 2021).

Here, the State requested a twenty-five dollar investigation cost on behalf of the police department, and the trial court explicitly asked the defendant if he wanted to be heard or have a hearing regarding these costs. The defendant said he did not. This does not, however, equate to an agreement to pay the amount charged. The defendant challenged this cost in his Rule 3.800(b) motion. No evidence showed the police requested the State to ask for investigation costs. The $25 investigative cost is therefore stricken, and we remand the case to the trial court to determine whether to assess the investigation cost. *See, e.g., Desrosiers*, 286 So. 3d at 300.

For the reasons stated above, we affirm in part and reverse in part. We remand the case to the trial court for further consideration of the public defender, prosecution, and investigation costs.

*Affirmed in part; reversed and remanded in part.*

GROSS and FORST, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

4